Farmer *vs.* Taylor *et al.*

---

GEORGE W. FARMER, plaintiff in error, *vs.* LITTLETON B. TAYLOR *et al.*, defendants in error.

1. The bankrupt system of the United States acts only on the relation of debtor and creditor. It adopts the state exemption laws, in so far as they bear directly on that relation and apply to liabilities incurred before the bankruptcy; but collateral provisions in those laws, touching the relation of husband and wife, or of parent and child, are no part of the system.
2. The bankrupt's title to his exempted property is not impaired or affected by the adjudication or any of the subsequent proceedings. Land set apart to him by the assignee as exempt does not vest in his wife or family, unless the local law be complied with in respect to platting it and recording the plat in the proper office of the county. This may be done before or after the proceeding in bankruptcy; but until done, the bankrupt may convey, free from any claim by his wife or children.

Bankrupt. Homestead. Before Judge POTTLE. Taliaferro Superior Court. February Term, 1876.

Reported in the opinion.

M. P. REESE; GEORGE F. BRISTOW, for plaintiff in error.

JAMES F. REID, by SIDNEY DELL, for defendants.

BLECKLEY, Judge.

In bankruptcy, a tract of eighty-five acres of land was assigned to a voluntary bankrupt, in 1868, as exempt, under the law of force at that time. The bankrupt's family then consisted of a wife and seven children under sixteen years of age, their first offspring. The wife died in 1872, and in the following year he intermarried with another. In 1874, he and the second wife conveyed the property to a third person as security for a debt; and the creditor, at the same time, executed a bond for titles, conditioned to reconvey to the bankrupt on payment of the debt. This debt being afterwards reduced to judgment, a deed from the creditor was filed and recorded, conveying his title to the bankrupt, the debtor; after which, the *fi. fa.*, founded on the judgment, was levied upon the land as the property of the latter. A claim was interposed by one of the children, then arrived at majority, in behalf of herself and of the others, still minors. On the trial of the claim, the court charged the jury that the conveyance to the creditor was void, and that the land was not subject, holding 'that the bankrupt and his wife had no right to sell or incumber the property, because, though laid off and assigned in bankruptcy, it was the homestead allowed to the head of a family under the state law, embodied now in section 2040 of the last Code. This section declares that certain "property of every debtor, who is the head of a family, shall be exempt from levy and sale by virtue of any process whatever under the laws of this state; nor shall any valid lien be created thereon, except in the manner hereinafter pointed out, but shall remain for the use and benefit of the family of the debtor." Among the property specified is land, to the extent of fifty acres, and five acres additional for each child under sixteen. Subsequent sections make provision for filing a schedule, surveying the land, making a plat, and having the schedule and plat recorded in the office of the ordinary. Sec-

Farmer *vs.* Taylor *et al.*

tions 2047 and 2048 declare that "the debtor shall have no power to alienate or incumber the property exempt under this law; but the same may be sold by the debtor and his wife, if any, jointly, with the consent of the ordinary of the county, the proceeds to go to the use of the debtor's family. The property exempt under this law shall be for the use of the wife or widow, and at her death or intermarriage to be equally divided between the children of her former marriage then living." That part of the fourteenth section of the bankrupt act of 1867, applicable to the case, excepts from the deed of assignment such property not included in other exceptions, (irrelevant to the present question,) " as is exempted from levy and sale upon execution or other process or order of any court by the laws of the state in which the bankrupt has his domicil at the time of the commencement of the proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year 1864: *Provided,* that the foregoing exception shall operate as a limitation upon the conveyance of the property of the bankrupt to his assignees; and in no case shall the property hereby excepted pass to the assignees, or the title of the bankrupt thereto be *impaired or affected* by any of the provisions of this act." It is not disputed that the provisions of the Code above recited or adverted to, are substantially the exemption laws of Georgia which were of force in the year 1864, save that section 2048, was first enacted in 1866, the same being the section which declares that " the property exempt under this law shall be for the use of the wife or widow, and at her death or intermarriage, to be equally divided between the children of her former marriage then living." But the question is, whether there passed into the bankrupt act that element of the state exemption laws which cuts down the debtor's title to exempted property, or abridges his power to incumber or dispose of it. It is very clear that the bankrupt act adopts the state law as to the fact of exemption, and as to the measure or amount thereof. Had there been no exemption in the state law, there would have been none whatever in bankruptcy,

other than such as does not concern the present inquiry. Had the state law exempted only one acre of land, that would have been the limit in bankruptcy; and if the state law had spared to the debtor one thousand acres, the same liberal allowance would have been made to him in bankruptcy. In respect to the fact and the magnitude of exemption, the two laws, state and federal, are precisely coincident. But does the coincidence go further, and embrace local restrictions upon the debtor's estate in, and dominion over, exempted property? Clearly not.

What has been quoted above from the fourteenth section of the bankrupt act is express, that exempted property does not, under that act, pass out of the debtor, but remains in him, his title being unimpaired and unaffected. He has precisely the same title as before. He goes out of bankruptcy with the same power to sell or incumber the property that he had when he came in. He has lost nothing; and what he has gained is, the right to hold, use, and sell the property, free from all past debts from which he is or may be discharged, and free from all past liens that are not preserved by the act itself. If, before coming into bankruptcy, he had affected this property with the local restrictions incident to having it set apart and registered in the manner prescribed by the local law, it would not have been freed therefrom by having it assigned to him in bankruptcy as exempt. Or, if, after going through bankruptcy, he had subjected it to those restrictions before conveying it, they would not have been the less operative because of the bankruptcy proceedings. Exemption in bankruptcy could neither enable or disable him in the matter of diverting the property from the use of his family. It could not set the property free from their rights, nor inaugurate for them any new rights. The bankrupt act concerns itself with the debtor, not with his family. It leaves him to provide for his family as he pleases, or as he may be constrained by the local law, according to local methods. Neither directly, by its own action, nor indirectly, by setting the state law in motion, does it transfer any of his property to them.

Judgment reversed.