LARAMORE, executor, *vs.* McKINZIE, guardian, *et al.*

1. Where an executor has so administered as to render himself personally liable to creditors of the testator, his debt to them is a fiduciary debt and unaffected by a discharge granted to him in bankruptcy.
2. Such a debt having been found against the executor by an award of arbitrators on the reference of a cause pending in court, and the award having been excepted to before the adjudication of bankruptcy, and the exceptions having been withdrawn and the award made a judgment of the court while the proceedings in bankruptcy were pending, the judgment may, after discharge granted or before, be enforced by execution, both against property acquired subsequently to the adjudication, and against property set apart by the assignee as exempt.
3. The proof in bankruptcy of a fiduciary debt, and the receipt of a dividend thereon out of the bankrupt's estate, constitute no obstacle to the collection of the balance, though the dividend was, by consent of all the creditors, larger than the debt was entitled to in the regular course of bankruptcy administration.
4. Where a pending cause is referred to arbitration, it is competent to provide, by order in term, for making the award the judgment of the court at chambers; and in the absence of the full record, it may be presumed that the requisite order was taken.

Administrators and executors. Bankrupt. Arbitrament and award. Judgment. Presumptions. Before D. H. POPE, Esq., Judge *pro hac vice.* Lee Superior Court. November Term, 1877.

The question made in this case arose upon an affidavit of illegality to, and a bill filed to enjoin an execution in favor of McKinzie, guardian, against Laramore, executor. On demurrer the court dismissed both the illegality and the bill. To this, Laramore, executor, excepted.

The issues of law made and decided, sufficiently appear from the head-notes and the opinion.

R. F. LYON; FRED. H. WEST, for plaintiff in error.

W. A. HAWKINS; COOK & HOLLIS, for defendants.

BLECKLEY, Judge.

1. An executor is a trustee for creditors. If, by maladministration, he renders himself personally liable to them, the debt he incurs is fiduciary, and is unaffected by a discharge granted to him in bankruptcy. Rev. Stat. U. S., §5117, p. 993.

2. In this case, there was an award against the executor, finding him chargeable with such a debt. He excepted to the award, and while the exceptions were pending in court, he was adjudicated a bankrupt. After the adjudication, and before the proceedings in bankruptcy terminated, he withdrew the exceptions, and suffered the award to be made a judgment of the court. He failed to set up the bankruptcy, by plea or otherwise, as a reason why the state court should not take final action on the award. If he could have prevented the judgment from being rendered, he took no step in that direction. Indeed, he seems to have withdrawn the exceptions previously filed, for the very purpose of allowing the award to become a judgment of the court against him. With opportunity to plead the bankruptcy *puis darien continuance*, and his failure to use it, he ought to be treated as having waived any defense which the bankruptcy might have afforded. There can scarcely be a doubt that bankruptcy as a defense may be waived; and no reason occurs to us why forbearing to present it at the proper time, and in proper manner, should not be deemed a waiver. The judgment was duly and properly rendered by a court of competent jurisdiction, and it established the existence of a fiduciary debt. From such a debt there was, and could be, no discharge under the provisions of the bankrupt law.

Execution founded on the judgment could proceed just as if no adjudication had taken place; except only that it could not be used to obstruct or interfere with full and regular administration of the assets by the court of bankruptcy, its officers or agents. Acquisitions of the bankrupt subsequent to the adjudication, would clearly be exposed to levy and sale under the execution. So, too, we think, would be the property set apart by the assignee as exempt. Such property is not appropriated in any manner by the bankrupt law, but is held by the debtor after bankruptcy just as he held it before. There is no administration of it otherwise than by leaving it with the bankrupt to do with it as he pleases. It is his, absolutely, and judgments rendered against him after the adjudication, will bind it, just as they bind ordinary property, real and personal, by the general law. In Georgia, a judgment has a lien from its date upon all the property of the defendant. Code, §3580. And the wife and children of a bankrupt acquire no interest in his property by the bankruptcy, or any of the proceedings connected therewith. 56 *Ga.*, 559.

3. A fiduciary debt is upon a footing of its own. Proof of it in bankruptcy, and the reception of a dividend upon it will be no hindrance to a collection of the balance—such part as may remain unpaid. The bankrupt act expressly entitles it to share in the dividends arising from an administration of the assets, and at the same time puts it beyond the reach of the bankrupt's discharge. It is urged that the dividend realized in the present case was larger than the debt was entitled to, and that the excess was a concession made by the other creditors, and was beneficial to the fiduciary creditor; that, hence, the latter received a consideration for not actively resisting the bankrupt's discharge, and ought now to be estopped. But the debt being fiduciary, there was no reason for any active resistance to the discharge. Whether discharge was granted or refused, was a matter of perfect indifference to one whose claim would not be affected by it. Besides, it was beneficial to the bankrupt to

have a large dividend paid on the debt, at the cost of the general creditors. It left so much the less for him to pay afterwards. The general creditors by whose consent, and at whose sacrifice, the increased amount was paid, are not complaining, and the bankrupt will not be heard to complain for them.

4. The order making the award the judgment of the court, was passed at chambers. In holding that the judgment was duly and properly rendered by a court of competent jurisdiction, we assume that the full record of the suit in which the award was made would show, if present, that some regular order was taken in term, providing for making the award the judgment of the court at chambers. It was competent so to provide, (Code, §249); and unless we could see from the record that the provision was omitted, the presumption should be, as against the party whose duty it is to produce the entire record, that it was not omitted.

Judgment affirmed.