WILLIAM W. STICKNEY, ADMR. *v.* FREDERICK PARMENTER.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed December 16, 1901.

*Discharge in bankruptcy—Fiduciary debt—Administrator—*
*Commingling funds—Interest.*

The term "fiduciary capacity" as used in section 17 of the Bankruptcy Act of 1898, embraces only cases of technical trusts and not those of implied trusts.

An administrator is a technical trustee holding the funds of the estate in a fiduciary capacity within the meaning of this section.

An administrator who intentionally mingles the funds of the estate with his own is guilty of a wrongful misappropriation thereof, and the debt so created is not barred by a discharge in bankruptcy.

The fact that a part of the balance found due from an administrator is made up of interest charged against him on account of such wrongful commingling of the funds, does not change the character of the debt, since the interest is a mere incident to the principal and follows it.

DEBT on a judgment of the probate court. Heard on an agreed statement of facts at the March Term, 1901, Rutland County, *Munson, J.,* presiding. Judgment for the plaintiff. The defendant excepted.

The action is brought by W. W. Stickney as administrator *de bonis non* of the estate of Gilbert E. Johnson, to recover the balance found due said estate upon the settlement of the defendant's account as former administrator thereof. Upon this settlement, the defendant was charged by the probate court with a certain sum as interest on the funds of the estate which he had mingled with his own. It appeared that he had been in partnership with the decedent, and at the time of this settlement had in his hands a certain sum belonging to the partnership, one-half of which was charged to him in his administration account; the plaintiff had received a certain larger sum from the partnership property, one-half of which was credited to the defendant in this account. The plaintiff had proved the debt sued for against the defendant's estate in bankruptcy, and had received a dividend thereon.

*Joel C. Baker* for the defendant.

The debt sued for was discharged. In order to bring it within the exception named in the bankruptcy act, it must be shown to be a debt created through some positive, actual fraud involving moral turpitude. Constructive fraud or defalcation

is not sufficient.   *Neal* v. *Clark,* 95 U. S. 704; *Henniquin* v. *Clews,* 111 U. S. 676; *Strang* v. *Bradner,* 114 U. S. 555; *Forseyth* v. *Vehmeyer,* 177 U. S. 177.

The plaintiff proved his debt and took his dividend, and his debt is thereby barred.   The election of one remedy precludes a resort to the other.   *White* v. *White,* 68 Vt. 161; *Farrar* v. *Powell,* 247.

*W. W. Stickney* and *John G. Sargent* for the plaintiff.

The statute exempts from the operation of the discharge, debts arising from technical trusts.   This is of that character. Such was the construction of former enactments on this subject in which an enumeration of such debts was inserted.   In the act of 1898 the enumeration is omitted, as all were included in the word *fiduciary.   In re Leahey,* 58 Vt. 724; *Haskell* v. *Jewell,* 59 Vt. 91.

The proof of the debt is no bar.   *Stokes* v. *Mason,* 12 N. B. R. 498; *Pawlet* v. *Kelley, et al.,* 69 Vt. 398.

ROWELL, J.   This is debt on a judgment of the probate court rendered against the defendant on settlement of his account as administrator of the estate of the plaintiff's intestate. Plea, discharge in bankruptcy.   Replication, that the cause of action is a debt created by the defendant's misappropriation and defalcation while acting in the fiduciary capacity of administrator as aforesaid.   Replication traversed.

A discharge in bankruptcy releases the bankrupt from all his provable debts except those, among others, that "were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." Bankr. Act 1898, § 17.

In the agreed facts the parties say that upon the facts and the pleadings, they are at issue whether there is a defalcation while acting in a fiduciary capacity, within the meaning

of said act, and that that question is submitted to the court as
a question of law.    That is the only question submitted to the
court below, and the only question raised by the pleadings, and
consequently the only question before us, though another has
been argued, namely, whether by proving the debt and taking
a dividend the discharge bars' the action, even if the debt is
fiduciary.

The "fiduciary capacity" meant by said act, embraces only
cases of technical trusts, not cases of implied trusts; and that
an administrator is a technical trustee, and therefore within
the act, cannot   well be doubted.    *Cronan* v. *Cotting,* 104
Mass. 245, 6 Am. Rep. 232; *Hennequin* v. *Clews,* 78 N. Y.
427, 32 Am. Rep. 641; 111 U. S. 676; *Laramore* v. *McKen-
zie,* 60 Ga. 532; 16 Am. & Eng. Enc. Law. (2d Ed.) 780;
*Wolcott* v. *Hodge,* 77 Am. Dec., note 384.

But it is claimed that to avoid a release by the discharge,
it must appear that the debt was created by a defalcation in-
volving bad faith, and that that does not appear.    But it ap-
pears that the defendant did not keep the money of the estate
separate, but mingled it with his own, and that therefore the
probate court charged him with interest to more than  half the
amount of the judgment.    It must be taken, on this record,
that such mingling was intentional on the part of the defend-
ant, and therefore it was wrongful, a misappropriation, and
a conversion to his own use.    It was a breach of trust com-
mitted in bad faith, and a defalcation, within the meaning of
the act.

Mr. Pomeroy says that absolute and most scrupulous
good faith is the very essence of a trustee's obligation, and that
for a trustee to mix trust funds with his own is a breach of
the duty of good faith.    2 Pom. Eq. Jur. §§ 1075-1076.   Cf.
*Drake* v. *Wild,* 65 Vt. at page 616, 27 Atl., at page 428.    And
see *Laramore* v. *McKenzie,* 60 Ga. 532; *Bracken* v. *Milner,* 5

Am. Bankr. R. 23, 104 Fed. 522; *Heffren* v. *Jayne,* 39 Ind. 463, 13 Am. Rep. 281; *Flanagan* v. *Pearson,* 42 Tex. 1, 19 Am. Rep. 40.

It is further claimed that that part of the debt made up of interest cannot be said to have been created by the defalcation. But as the interest is but an incident of the principal, it follows the principal, and must be regarded as part and parcel of it, in analogy to the doctrine of accession.

The claim that some of the assets of the partnership went in to swell the judgment, and that such part thereof is released by the discharge, as it never came into the hands of the defendant as administrator, is not sustained, for it appears that the judgment was not thereby increased, but decreased.

*Judgment affirmed.*