## ELIZA M. ARNOLD v. HANSEN E. SMITH.[1]

### July 6, 1917.

### Nos. 20,285—(106).

**Bankruptcy — judgment excluded from discharge of bankrupt.**

> The record is *held* to sustain the conclusion of the trial court that the judgment in question, which defendant seeks to have discharged of record under the provisions of section 7914, G. S. 1913, as having been released by his discharge in bankruptcy, represents a debt or obligation which arose from the fraud of defendant while acting in a fiduciary capacity, and is therefore excluded from the discharge by subdivision 4 of section 17 of the bankruptcy act.[2]

From an order, Dancer, J., denying his motion for an order directing

[1]Reported in 163 N. W. 672.

[2]30 St. 550.

the clerk of court to satisfy and discharge of record the judgment, defendant appealed. Affirmed.

*Hugh J. McClearn,* for appellant.

*Arnold & Arnold,* for respondent.

BROWN, C. J.

On September 12, 1912, plaintiff duly recovered a judgment against defendant in this action in the district court of St. Louis county, and the recovery was affirmed by this court on March 20, 1913. The case is reported in 121 Minn. 116, 140 N. W. 748. Subsequent to the date of the judgment and before the decision of this court and on November 6, 1912, defendant was duly adjudged a bankrupt in the Federal court of the district of Minnesota, in proceedings under the Federal Bankruptcy Act, and therein the judgment was listed as a valid claim against him. Such proceedings were thereafter duly had that on January 17, 1914, defendant was given a formal bankruptcy discharge. Plaintiff's judgment was not paid in those proceedings, and still remains in full force and effect upon the records of the court where it was rendered. On March 25, 1916, defendant moved the court below under the provisions of section 7914, G. S. 1913, for an order discharging the judgment of record, as no longer of validity or force, since the discharge in bankruptcy released him from further liability thereon. Plaintiff opposed the motion, upon the ground that the judgment was founded upon the fraud of defendant, committed by him while acting as administrator of the estate of plaintiff's deceased husband, and therefore excluded from the operation of the discharge of subdivision 4 of section 17 of the bankruptcy act.

The motion was submitted to the court below upon the pleadings and files in the action, the opinion and decision of this court, and the record and files in the bankruptcy proceedings including defendant's formal discharge therein. It was denied by the court and defendant appealed.

The facts are in dispute only as respects the foundation of the judgment. Plaintiff contends that it was founded in the actual fraud of defendant, while acting in a fiduciary capacity as administrator of the estate of her deceased husband; while defendant insists that no

actual fraud is shown by the record, and that the judgment was re-
covered and affirmed upon the theory of constructive fraud only, which
he claims removes the debt thereby represented from the clause of the
bankruptcy act relied upon by plaintiff.

Subdivision 4 of section 17 of the bankruptcy act, provides that "debts
created by his fraud, embezzlement, misappropriation, defalcation while
acting as an officer or in any fiduciary capacity," shall not be affected
by the release or discharge granted in those proceedings.

It may be conceded for the purposes of the case that defendant's
construction of the statute is correct, and that it has no application to
debts created by or which result from constructive or implied fraud.
We do not decide the question, for it is not necessary to a determina-
tion of the case. The question as to the character of the fraud upon
which this judgment was founded is one of fact to be determined from
the record upon which the motion was presented, and the order deny-
ing the motion presumptively includes a finding of all facts necessary
to its support. We therefore have only to determine whether the record
presents evidence to support a finding of actual fraud committed by
defendant while acting as administrator. We answer the question
in the affirmative.

Defendant was the administrator of the estate of plaintiff's deceased
husband. Of this there is no dispute. The tract of land involved in
the action, at least the interest therein of decedent, was a part of the
estate to be administered. Plaintiff claimed, as a basis of her charge
of fraud, that defendant had been the private secretary or clerk of
decedent in his lifetime, and knew of decedent's interest in the par-
ticular property; that the land contained a valuable deposit of iron
ore, and that, as administrator, defendant purposely refrained from
listing the same with the other property reported to the probate court,
or to pay the taxes thereon, with the sole view and intention of him-
self acquiring title after his discharge as administrator of the estate.
Plaintiff further claimed that while acting as such administrator, in
furtherance of the purpose of so acquiring such land, defendant organ-
ized the Northern Security Company, a corporation, of which he was the
dominant and controlling factor, and caused the company to acquire
a tax title against decedent's interest in the property. This all took

place while defendant was acting as administrator. Subsequently and after his discharge, defendant in fact acquired through that tax title the decedent's interest in the property. The tax title was invalid, but was nevertheless made the basis of subsequent proceedings by means of which he so acquired the land.

All the facts in respect to defendant's acts in the matter are fully stated in the former opinion, a repetition of which will serve no useful purpose. The trial court in that case found that the contentions of plaintiff in the particulars stated were in all respects true, and the findings of the court were sustained by us, with the statement that the court could not well have found otherwise. In view of the situation, of the facts presented by the former record, the findings of the trial court based thereon and so approved by this court, we do not see how the court in this matter could have well found that there was no actual fraud committed by defendant while acting as administrator. In that view of the facts defendant's discharge in bankruptcy did not release him from the judgment.

That conclusion is supported by the authorities. Brown v. Hannagan, 210 Mass. 246, 96 N. E. 714; Morris v. Covey, 104 Ark. 226, 148 S. W. 257; Field v. Howry, 132 Mich. 687, 94 N. W. 213; Stickney v. Parmenter, 74 Vt. 58, 52 Atl. 73; Haggarty v. Badkin, 72 N. J. Eq. 473, 66 Atl. 420. The fact that in affirming the judgment this court applied certain of the rules pertinent to constructive or implied fraud does not change the situation. The findings of the trial court showing actual fraud were expressly approved.

Order affirmed.