[No. 21696. Department Two. March 25, 1929.]

GUERNSEY-NEWTON COMPANY, *Appellant*, v. J. L. NAPIER, *Respondent*.[1]

*Chas. W. Johnson*, for appellant.

MAIN J.—By this action, it was sought to recover a money judgment upon an obligation which the defendant owed to the plaintiff. The cause was tried to the court, without a jury, and resulted in findings of fact and conclusions of law denying a recovery. From the judgment entered, dismissing the action, the plaintiff appeals.

The appellant was a general insurance agency, with its principal place of business in Seattle. The respondent acted as its agent in Kent. As such agent, he received premiums for policies of insurance which he

[1]Reported in 275 Pac. 724.

wrote, in the sum of $106.43, out of which he was entitled to a commission of $26.61. The balance, or $79.82, he did not remit to the appellant, as it was his duty to do. March 1, 1926, the respondent visited the office of the appellant in Seattle, and desired to have a check cashed in the sum of $300 drawn upon a bank in Renton. One of the officers of the appellant corporation endorsed the check, went with respondent to a Seattle bank and secured the money thereon. The check was returned with the notation, "no account". The appellant was required to reimburse the bank which had cashed the check. About a year later, the appellant wrote the respondent a letter enclosing a note which would cover the amount of the above mentioned items. This note was not signed by the respondent. April 16, 1927, the respondent was adjudged a bankrupt in the district court of the United States for the western district of Washington, northern division, and was later discharged in such proceeding. After the discharge, the present action was brought to recover the two items above mentioned.

The question presented is, whether those items were properly scheduled and discharged in the bankruptcy proceeding. Rem. Comp. Stat., § 7091, provides that all funds received by any agent, as premium on, or under, any policy of insurance, shall be received by such agent in his fiduciary capacity, and any agent who appropriates such funds to his own use shall be guilty of embezzlement. Rem. Comp. Stat., § 2601-2, provides that any person who shall, with intent to defraud, make, draw, utter or deliver to another person any check for the payment of money, knowing at the time of such delivery that he has not sufficient funds in or credit with the bank upon which it is drawn to meet the check, shall be guilty of larceny. Section 35, Title 11, U. S. C. A. (Bankruptcy), in part provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as; . . . (second) are liabilities for obtaining property by false pretenses or false representations; . . . or (fourth) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity; . . ."

Under these provisions, the two items above mentioned were not dischargeable in bankruptcy. The $300 item falls under the second subdivision, and the item of $79.82 comes under the fourth. The fact that the appellant wrote the respondent a letter and enclosed a note for him to sign, covering the obligation, has no material bearing upon the question, and would not have had, even though the note had been signed and reduced to judgment.

In a bankruptcy proceeding, it is the original character of the liability which determines whether it is dischargeable. In order to determine the original character of the liability, the courts will look behind the judgment, if the obligation has been reduced to judgment. In *Donald v. Kell,* 111 Ind. 1, 11 N. E. 782, it is said:

"Where the enforcement of a judgment is sought to be defeated by a discharge in bankruptcy, it is proper to look behind it to the character of the debt upon which it is founded, and if it is ascertained that it belongs to a class upon which the discharge does not operate, the judgment will be enforced."

In *In re Pulver,* 146 Wash. 597, 264 Pac. 406, it is said:

"We are of the opinion that we should look through the judgment to the record disclosing the issues of the case and the theory upon which it was tried, to determine the nature of the liability for which it was rendered, and thus determine whether or not that liability was discharged by the general discharge awarded by the Federal court."

The cases of *Brown v. Hannagan,* 210 Mass. 246, 96 N. E. 714, *Wade v. Clark,* 52 Iowa 158, 2 N. W. 1039, and *Arnold v. Smith,* 137 Minn. 364, 163 N. W. 672, are to the same effect.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment in favor of the appellant.

MITCHELL, C. J., PARKER, FRENCH, and MILLARD, JJ., concur.