GLERUM *v.* SPENCER.

*In re* HOME INSURANCE CO.

1. INSURANCE—AGENT RECEIVES PREMIUMS IN FIDUCIARY CHARACTER.

    Under the statute (Act No. 256, Pub. Acts 1917, pt. 2, chap. 4, § 10, subd. 3), insurance agent receives payment of premiums in fiduciary capacity.

On right to follow trust funds deposited in mixed account of trustee, see annotation in 26 A. L. R. 3; 35 A. L. R. 747; 55 A. L. R. 1275.

2. BANKS AND BANKING—TRUSTS—NOTICE.

Where one of partners operating private bank was agent for insurance company and deposited in bank moneys collected as premiums, the bank must be held to have received same with knowledge of their trust character.

3. RECEIVERS—BANKS AND BANKING—TRUSTS.

Receiver for insolvent private bank stands in same position, in relation to trust funds deposited in bank, as did the bank.

4. INSURANCE—BANKS AND BANKING—TRUSTS—RECEIVERS.

Insurance company is entitled to order directing receiver for insolvent private bank to pay over to it certain moneys deposited in said bank by one of its owners which he had collected as premiums.

Appeal from Genesee; Brennan (Fred W.), J. Submitted April 11, 1930. (Docket No. 73, Calendar No. 34,860.) Decided June 2, 1930.

Suit by Frank F. Glerum against James L. Spencer to wind up affairs of insolvent bank operated by plaintiff and defendant as partners.

Petition by the Home Insurance Company, a corporation, to compel Michael McHugh, receiver of the Bank of Linden, a private bank, to pay over certain insurance premiums held by the bank in fiduciary character. Plaintiff appeals from order denying petition. Reversed.

*Smith & Searl,* for plaintiff.

*Clarence Tinker,* for defendant McHugh.

POTTER, J. Frank F. Glerum and James L. Spencer were co-partners operating a private bank at Linden, Michigan. Glerum was agent for the Home Insurance Company. Spencer was agent of insurance companies. The partnership itself was agent

of insurance companies. The partnership carried on a general insurance business, issued policies, and collected premiums thereon. The bank became insolvent; a bill was filed to wind up its affairs. Michael H. McHugh was appointed receiver. The Home Insurance Company, by its State agent, filed an amended petition in the circuit court for the county of Genesee in chancery setting up that it was engaged in the insurance business, Glerum was one of its agents; McHugh was receiver of the bank; Glerum wrote policies and collected premiums aggregating $164.54; the premiums belonged to the insurance company; Glerum received the same in a fiduciary capacity and held the same in trust; such funds constituting premiums collected by Glerum were deposited in the bank; such moneys so deposited never became the property of the bank but remained the property of petitioner; the bank held the same in a fiduciary capacity as trustee for petitioner; and such deposits were not subject to the claims of general creditors of the bank. The receiver took possession of the assets of the bank subject to the rights of the insurance company, and the insurance company asked for a hearing upon the petition and that McHugh as receiver be directed to pay forthwith the sum of $164.54 to the insurance company. Upon hearing of the petition the court entered an order denying the same, and the insurance company appeals.

There is no dispute about the facts. We think, under the statute, an insurance agent receives payment of premiums in a fiduciary capacity.

"Any money, substitute for money or thing of value whatsoever, received by any agent, solicitor or broker as premium or return premium, on or under any policy of insurance or application there-

for, shall be deemed to have been received by such agent, solicitor or broker in his fiduciary capacity." Section 10, subdiv. 3, chap. 4, pt. 2, Act No. 256, Pub. Acts 1917. Comp. Laws Supp. 1922, § 9100 (118).

The bank, under the circumstances, must be held to have received the premiums from the insurance agent for deposit with knowledge of their trust character. *Central National Bank* v. *Connecticut Mut. Insurance Co.,* 104 U. S. 54; *Union Stock Yards Bank* v. *Gillespie,* 137 U. S. 411 (11 Sup. Ct. 118).

"The case of *National Bank* v. *Insurance Company,* 104 U. S. 54, is in point. He kept an account with the bank—the account was entered on the bank books with him as general agent. As agent of the insurance company he collected, and it was his duty to remit, the premiums. In the course of his dealings with the bank he borrowed money on his personal obligation. Finally the bank sought to appropriate his deposits to the payment of this debt. The insurance company filed its bill in equity to recover the amount of those deposits as equitably belonging to it. The fact that they were premiums received for the insurance company was shown. It was held that, under the circumstances, the bank received them with knowledge that, though the legal title to the moneys was in Dillon, the beneficial ownership was in the insurance company, and the decree in favor of the insurance company was therefore sustained." *Union Stock Yards Bank* v. *Gillespie, supra.*

The receiver for the bank stands in relation to this deposit in the same position as did the bank.

"Trust property or property substituted for it may be recovered from the trustee, and all persons having notice of the trust. If the fund can be distinctly traced, the court will follow it and fasten

the purpose of the trust upon it, unless the rights of innocent third parties have intervened. As against the trustee, the mingling of trust funds in a private deposit will not necessarily prevent their identification. If equity can follow the fund into the deposit, and it is still there, that is sufficient. In the absence of facts showing the contrary, the presumption is that money drawn out of a mixed deposit by the trustee for his own use is taken from the portion of the fund that is his own, whatever the relative dates of the deposits. The better opinion is that, even as to creditors, the mixing of trust funds with private funds in a general deposit does not obliterate the trust. *Carley* v. *Graves,* 85 Mich. 483 (24 Am. St. Rep. 99); *Cavin* v. *Gleason,* 105 N. Y. 256, 262 (11 N. E. 504); *Board of Fire & Water Com'rs of Marquette* v. *Wilkinson,* 119 Mich. 655 (44 L. R. A. 493); 2 Perry on Trusts (6th Ed.), § 828.'' *Gillen* v. *Wakefield State Bank,* 246 Mich. 158.

The decree of the trial court will be reversed, and a decree entered for petitioner, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.