ARTHUR T. VANDERBILT, TRUSTEE IN LIQUIDATION, PLAINTIFF-RESPONDENT, v. PAULINE LAUER AND JOHN LAUER, HER HUSBAND, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the plaintiff-respondent, *Jerome C. Eisenberg.*

For the defendants-appellants, *Augustus C. Nash.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of the Supreme Court entered upon order of the late Chief Justice Gummere striking out defendants' answer. The suit was brought to recover a deficiency arising after a sale in foreclosure of the mortgaged premises. The giving of the bond and mortgage under date of March 19th, 1925, by defendants-appellants to Lincoln Mortgage and Title Guaranty Company, of which plaintiff is trustee in liquidation, was admitted in the answer.

Defendants pleaded as separate defenses that discharges in bankruptcy were granted them by the United States District Court for the District of New Jersey on June 27th, 1932, that the cause of action for which suit was brought accrued before said date and was included in the schedule of debts in the bankruptcy proceedings, that the cause of action is not excepted from the discharges in bankruptcy, and that plaintiff is barred from recovery because the defendants were relieved of all such obligations by the operation of the discharges in bankruptcy. Copies of the discharges in bankruptcy were annexed to the answer and made a part thereof, and the originals presented on the argument.

Plaintiff moved to have defendants' answer and separate defenses struck out and to have summary judgment entered on the ground that the answer and separate defenses were frivolous and sham.

On September 17th, 1932, the answer was struck out and summary judgment entered for the plaintiff for the amount then due.

The grounds of appeal all center around the question as to whether a discharge in bankruptcy relieves a bankrupt from a claim for a deficiency in a foreclosure suit such as sued on in this case.

Since the late Chief Justice struck out the answer there has been decided by this court, on April 28th, 1933, the case of *City Hall Building and Loan Association* v. *Star Corp.*, 110 *N. J. L.* 570, wherein this identical question was dealt with by Mr. Justice Heher. It was held that the holder of a

bond, secured by a mortgage, both executed by one who subsequently files a petition in bankruptcy, stands in the relation of a secured creditor of the bankrupt, and has a provable debt against the bankrupt estate, it being a liability founded on a contract, whether payable or not at the time of the filing of the petition, and it is immaterial that the value of the mortgage security was then undetermined; and that the introduction of the order of discharge makes out a *prima facie* defense, and the burden is then cast upon the plaintiff to show that the debt sued on was by law excepted from the operation of the discharge.

In view of this decision, we are of the opinion that the action of the Supreme Court in striking out defendants' answer and entering judgment for the plaintiff was erroneous and that the judgment should, therefore, be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.