TRAVELERS INSURANCE CO. v. BISHOP.

1. INSURANCE—AGENTS—COLLECTION OF PREMIUMS—FIDUCIARIES.
   Premiums collected by an agent for an insurance company are received and held by the agent in a fiduciary capacity as such an agent acts in a fiduciary capacity (3 Comp. Laws 1929, § 12369).

2. SAME—WRONGFUL CONVERSION OF PREMIUMS BY AGENT—DISCHARGE IN BANKRUPTCY.
   The discharge in bankruptcy of a former insurance agent did not discharge default judgment for wrongful conversion of premiums while acting as agent (3 Comp. Laws 1929, § 12369).

3. BANKRUPTCY—DISCHARGE—DEBT ARISING FROM FIDUCIARY RELATION.
   A debt which arises out of a fiduciary relationship already in existence at the creation of the debt is exempt from discharge in bankruptcy.

Appeal from Wayne; Chenot (James E.), J. Submitted June 5, 1941. (Docket No. 24, Calendar No. 41,569.) Decided September 2, 1941.

Violation of fiduciary duty, see Restatement, Restitution, § 138 (1).

Case by Travelers Insurance Company, a Connecticut corporation, against Clark W. Bishop for conversion of money. Default judgment for plaintiff. From order granting perpetual stay of execution, plaintiff appeals. Reversed.

*Lawhead & Kenney (Joseph S. Radom,* of counsel), for plaintiff.

*Marr & Cahalan (Charles A. Swaby,* of counsel), for defendant.

BOYLES, J.   Plaintiff insurance company recovered a default judgment in Wayne county against defendant for $2,555.16 in an action of trespass on the case. Plaintiff alleged in its declaration and introduced testimony to prove that the defendant was a duly authorized agent of the plaintiff, that he solicited and procured certain contracts of insurance, collected the premiums on such policies, and that he failed to remit the premiums to the plaintiff but fraudulently, maliciously, and wilfully converted the same to his own use, thereby defrauding plaintiff. Plaintiff also declared on the common counts, but plaintiff's proofs sufficiently established the agency and conversion.

Subsequently, defendant filed a petition in bankruptcy in the United States district court for the eastern district of Michigan, southern division; was adjudicated a bankrupt; and in due time an order was entered in said proceedings discharging the defendant from all debts and claims provable in bankruptcy excepting such as are excepted by law from operation of the discharge.   Thereafter, the defendant filed a petition in this case, in the Wayne circuit court, for a perpetual stay of execution of plaintiff's judgment, alleging his discharge in bankruptcy.   The

court, after hearing and over objection of plaintiff, entered an order granting the perpetual stay of execution. From this order, plaintiff appeals.

Premiums collected by an agent for an insurance company are received and held by the agent in a fiduciary capacity. The agent who collects and receives such premiums acts in a fiduciary capacity. Act No. 256, pt. 2, chap. 4, subd. 3, § 10, Pub. Acts 1917 (3 Comp. Laws 1929, § 12369 [Stat. Ann. § 24.174]); [Central] National Bank v. [Connecticut Mutual Life] Ins. Co., 104 U. S. 54 (26 L. Ed. 693); Glerum v. Spencer, 251 Mich. 163; Guernsey-Newton Co. v. Napier, 151 Wash. 318 (275 Pac. 724).

The subsequent discharge of the defendant in bankruptcy did not discharge his liability to the plaintiff for the wrongful conversion. McIntyre v. Kavanaugh, 242 U. S. 138 (37 Sup. Ct. 38, 61 L. Ed. 205); Tinker v. Colwell, 193 U. S. 473 (24 Sup. Ct. 505, 48 L. Ed. 754); Probst v. Jones, 262 Mich. 678; In re Stenger, 283 Fed. 419; Central Hanover Bank & Trust Co. v. Herbst (C. C. A.), 93 Fed. (2d) 510 (114 A. L. R. 769); Field v. Howry, 132 Mich. 687; In re Arnao, 210 Fed. 395.

A debt which arises out of a fiduciary relationship already in existence at the creation of the debt is exempt from discharge in bankruptcy. Upshur v. Briscoe, 138 U. S. 365 (11 Sup. Ct. 313, 34 L. Ed. 931).

Reversed for entry of an order setting aside the order staying execution, with costs to appellant.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.