[No. 33117. Department One. July 21, 1955.]

ALBERTA JOSEPHINE MAGINNIS, *Respondent*, v. THORWALD CHRISTIAN SIMMONS, JR., *et al.*, *Appellants*.[1]

[1]Reported in 286 P. (2d) 102.

20

 

*A. J. Hutton,* for appellants.

*Glenn E. Correa,* for respondent.

FINLEY, J.—This is a lawsuit to collect a promissory note. The makers contend that the action is barred by a discharge in bankruptcy. The payee's assignee contends to the contrary; in other words, that the debt (evidenced by the note) arose out of *fraudulent conduct of the makers while acting in a fiduciary capacity;* that, under the circumstances, a specific exemption of the bankruptcy act is applicable, and that the bankruptcy of the makers and the discharge obtained therein by them is not a bar to the action on the promissory note.

In February, 1951, Mr. and Mrs. Maginnis, the former now deceased, entered into a contract for the purchase of a new Packard automobile with Mr. and Mrs. Simmons, who were in the automobile business in Bremerton, Washington. The vendees turned in their old car and paid the difference of $1,216 for a new car, which they were to pick up at Detroit, Michigan, in May, 1951. The vendors deposited the check for $1,216 in their bank in the regular course of business, and, in the regular course of business, disposed of the old car turned in by the vendees.

The vendees later learned that the vendors were in a precarious financial position. Becoming alarmed as to whether they would get their new car, or whether they might lose both the old car which they had turned in and the $1,216 paid in cash, the vendees conferred with the vendors. An arrangement, apparently mutually satisfactory, was worked out through a district representative of the car manufacturer, the Packard Motor Company. The vendees paid an additional sum of $2,333.34 in cash. This represented the wholesale price of a new Packard automobile, delivered at Detroit. The vendors gave vendees a promissory note for

$2,333.34, secured by two second mortgages, one on real estate, the other on a stock of automobile parts. Under this arrangement, a new Packard automobile was delivered to and accepted by the vendees at Detroit.

In July, 1951, the vendors filed a petition in bankruptcy, and, subsequently, were discharged in bankruptcy. The above-mentioned mortgages and note, in the sum of $2,-333.34, were listed in the bankruptcy proceeding and ostensibly were covered by the discharge in bankruptcy. Subsequently, this action was instituted on the note, as indicated hereinbefore. The trial court entered findings of fact, conclusions of law, and judgment in favor of the vendees. This appeal followed.

The trial court entered a finding that the note and mortgages were duly listed and were covered by the discharge in bankruptcy. No error is assigned to this. In its findings or conclusions of law, the trial court stated or determined that the conduct of the vendors was fraudulent while acting in a fiduciary capacity within the meaning of the exception of the bankruptcy act, 11 U. S. C. A. § 35 (4), and that action on the note was not barred. Error is properly assigned by the vendors to the pertinent findings or conclusions of law.

In his memorandum decision, the trial court compared the relationship between the parties with the relationship between an attorney and his client. We think the comparison is not applicable, under the facts here involved. The trial court further relied heavily upon *Guernsey-Newton Co. v. Napier*, 151 Wash. 318, 275 Pac. 724. However, in the *Napier* case a state statute clearly provided that agents for insurance companies were fiduciaries. We do not think the *Napier* case is applicable in the instant case.

We have carefully reviewed the statement of facts. We are convinced that the original transaction between the parties involved only a simple, ordinary business relationship—the purchase and sale of an automobile. Although the vendees turned in their old car and paid the difference in the price of a new Packard automobile to the vendors several months in advance of the delivery date of the new car, there

is nothing in the record to show that the proceeds from the disposition of the old car and the cash difference were to be specifically *earmarked* and *held in specific trust* by the vendors in order to consummate the acquisition and delivery of a new Packard automobile to the vendees at Detroit, Michigan.

In 8 C.J.S. 1542, § 578 e., it is said:

"The words 'fiduciary capacity' have been repeatedly held to embrace only technical trusts and not those which the law implies from a contract or from relations merely of general trust and confidence. It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto."

The record does not support the finding or conclusion of the trial court that a bankruptcy act fiduciary relationship existed between the parties. In fact, the record preponderates against such a finding or conclusion.

For the reasons indicated hereinbefore, the judgment of the trial court must be reversed. It is so ordered.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.