[No. 34408. Department Two. May 29, 1958.]

ZEREGA DISTRIBUTING COMPANY, *Respondent,* v. JOHN C. GOUGH *et al., Appellants.*[1]

*Muscek & Adams,* for appellants.

*Whitmore, Vinton & Powers,* for respondent.

WEAVER, J.—Defendant appeals from a money judgment against him, based upon an obligation arising from goods purchased and delivered.

The case was presented to the trial court, and to this court, upon the theory that the debt sued upon was not a debt dischargeable in bankruptcy, by reason of § 17 (a) (2) of the bankruptcy act, which provides:

[1]Reported in 325 P. (2d) 894.

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . *(2) are liabilities for obtaining money or property by false pretenses or false representations."* 11 U. S. C. 1952 ed. § 35 (a) (2). (Italics ours.)

See, also, 11 U. S. C. 1952 ed. § 32 (c) (3).

The general problem presented is not one of first impression before this court. See *Nichols v. Doak,* 48 Wash. 457, 93 Pac. 919 (1908); *In re Pulver,* 146 Wash. 597, 264 Pac. 406 (1928); *Guernsey-Newton Co. v. Napier,* 151 Wash. 318, 275 Pac. 724 (1929); *Ernst v. Hingeley,* 11 Wn. (2d) 171, 118 P. (2d) 795 (1941); *Emigh v. Lohnes,* 21 Wn. (2d) 913, 153 P. (2d) 869 (1944); *Rustuen v. Apro,* 40 Wn. (2d) 395, 243 P. (2d) 479 (1952).

Nothing would be added to the case law of this jurisdiction were we to detail all of the facts and circumstances surrounding the transaction by which defendant secured a line of credit for merchandise to be retailed by him. It is sufficient to note that, in order to secure the credit, defendant gave two written financial statements to plaintiff. The record adequately supports the finding of the trial court that these "financial statements were false at the time they were given in that said financial statements did not truly show the assets and liabilities of said defendant."

Further, the trial court found

"That said false financial statements were fraudulently and recklessly given to the plaintiff by the defendants with the intent and purpose that they be relied on, and that the plaintiff extend credit to the defendants. That the plaintiff did rely upon said false financial statements and delivered property to the defendants on credit."

From this, the trial court concluded that the debt on which plaintiff sued was "a liability for obtaining money or property by false pretenses or false representation and is not a dischargeable debt in bankruptcy."

Defendant urges that the trial court did not apply the proper rules of law when it interpreted the facts and held that defendant's obligation was not dischargeable in bankruptcy.

■■ The burden of proof is upon the creditor to show that the debt is excepted from a discharge in bankruptcy. *Emigh v. Lohnes*, 21 Wn. (2d) 913, 916, 153 P. (2d) 869 (1944). The creditor must show that the bankrupt's representations were material and false in fact; that they were made with an intent to deceive and defraud or made recklessly without knowledge of its truth and as a positive assertion; and that the creditor must have believed, acted, and relied upon them to his prejudice. See annotation 17 A. L. R. (2d) 1208 (1951).

The rule is well stated in 8 Remington on Bankruptcy (1955 ed.) § 3320, p. 178, as follows:

"Generally speaking, the element of intent to defraud must have been present or at least presumable from the circumstances. . . .

"Reckless disregard of the truth in making statements can be tantamount to wilful misrepresentation.

"All the elements of actionable fraud must be present before a claim can fall within the exception, and it must accordingly appear (1) that defendant made a material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury."

■ We conclude that the record amply sustains the trial court's findings of fact, and that the proper rule was applied when the court concluded that defendant's obligation was not dischargeable in bankruptcy.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.