[No. 35438.   Department One.   March 23, 1961.]

EUDELL TAITCH, *Respondent,* v. DONALD R. LAVOY *et al.,* *Appellants.*[1]

[Reported in 360 P. (2d) 588.

*Kumm, Maxwell, Petersen & Lee* and *Clark B. Snure,* for appellants.

WEAVER, J.—Defendants appeal from a judgment against them for $715, plus 12 per cent interest. The ultimate question is whether the obligation had been discharged in bankruptcy.

November 26, 1952, defendant D. R. Lavoy signed a memorandum which states he acted as broker in a transaction whereby plaintiff purchased certain real property in Spokane. Further, the memorandum states:

" . . . In the course of the sale the undersigned converted to his own use $500.00 belonging to Eudell Taitch [plaintiff] which was contrary [to] his duties as a broker & contrary to understanding of Taitch.

"Lavoy acknowledges his wrongdoing in this connection and agrees to return the amount of $500 to Taitch not later than Feb. 1, 1953."

The memorandum also provides for interest and, in the event of a suit, two hundred fifty dollars attorney's fees.

June 1, 1954, this action was commenced on the memorandum. July 29, 1954, the defendants answered, admitted execution of the memorandum, and pleaded affirmatively that it had been "made for an illegal consideration."

March 2, 1955, the parties stipulated that the action would be dismissed upon payment of one hundred dollars, payable at the rate of fifteen dollars per month; if not paid, judgment might be entered in accordance with the prayer of the com-

plaint. Thirty-five dollars was paid, pursuant to the stipulation.

April 14, 1958, defendants were adjudged bankrupt by the United States District Court, Western District of Washington, Northern Division. May 22, 1958, they were discharged from all debts "except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy."

Plaintiff's claim was listed in the bankruptcy proceedings as an

". . . alleged $500 real estate commission due from D. R. Lavoy as result of 1952 real estate transaction in Spokane, Wash., disputed claim under King County Superior Ct. Cause 470340 for $500.00 plus $250.00 attorney's fees."

August 26, 1958, defendants moved to dismiss this action for want of prosecution, or, in the alternative, for permission to file an amended answer setting forth an additional affirmative defense of discharge in bankruptcy. August 28, 1958, plaintiff moved for judgment based upon the stipulation of March 2, 1955. Plaintiff's motion was denied; defendants were granted permission to file an amended answer.

The trial was short.[2] The memorandum of November 26, 1952, the written stipulation of March 2, 1955, and the certified copies of schedules and defendants' discharge in bankruptcy were admitted in evidence without objection. Defendant Lavoy, the only witness, testified to his discharge in bankruptcy and to the thirty-five dollars he had paid under the stipulation. Defense counsel waived the first affirmative defense.

At the end of the trial, the court said:

"The Findings of Fact will recite that you are taking a judgment on the stipulation, but at the end of the judgment you will add, 'Without prejudice to the defendant in any events of the bankruptcy.'"

---

[2]The statement of facts is 17 pages. Approximately all but three pages are composed of colloquy between counsel and the court.

Subsequent to trial, plaintiff moved for a reconsideration of the oral decision. He asked that the findings, conclusions, and judgment include a ruling on defendants' second affirmative defense of discharge of the debt in bankruptcy.

The record is silent as to the disposition of this motion, except paragraph VI of the findings of fact states: "That the obligation incurred by the defendants was not discharged in bankruptcy," and the judgment did not include the statement suggested by the trial court in his oral opinion.

Defendants assign error (1) to finding of fact VI, quoted *supra*; (2) to the court's refusal to make a finding of fact based upon the facts disclosed by the certified copies of the schedules and defendants' discharge in bankruptcy; and (3) to entry of judgment for plaintiff.

The statement of facts does not contain a memorandum opinion by the trial judge, nor has respondent filed a brief in this court.

If the judgment is to be affirmed, there must be sufficient facts in the findings to support the conclusions of law. Finding of fact VI, quoted *supra*, is not a finding of fact; it is a conclusion of law. Moving it to its proper place, the findings of fact are then devoid of anything supporting the conclusion that the obligation incurred by the defendants was not discharged in bankruptcy.

Defendants' first assignment of error is well taken.

In a bankruptcy proceeding, it is the original character of the liability which determines its dischargeability. *Guernsey-Newton Co. v. Napier*, 151 Wash. 318, 275 Pac. 724 (1929). The burden of proof is upon the creditor (plaintiff) to show that the debt is excepted from a discharge in bankruptcy. *Zerega Distributing Co. v. Gough*, 52 Wn. (2d) 443, 445, 325 P. (2d) 894 (1958), and cases cited.

When defendants introduced the certified copies of the bankruptcy schedules and their discharge in bankruptcy, they established a *prima facie* case that the obligation, upon which the instant case is founded, had been discharged in bankruptcy. *Vanderbilt v. Lauer*, 112 N. J. L. 143, 169 Atl. 731 (1934).

The only evidence introduced by plaintiff that bears upon the *prima facie* affirmative defense established by defendants is the memorandum of November 26, 1952, in which defendant Lavoy admitted: that he had acted as a broker in a real estate transaction wherein plaintiff purchased certain property; that he (Lavoy) had "converted to his own use $500.00 belonging" to plaintiff, "which was contrary [to] his duties as a broker & contrary to understanding of" plaintiff; and that he (Lavoy) "acknowledges his wrongdoing in this connection . . ."

Whether this memorandum is sufficient to overcome the *prima facie* affirmative defense established by defendants can only be determined by testing it under the pertinent federal statute, which may or may not have been called to the attention of the trial court.

11 U. S. C. (1958 ed.) § 35, provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) . . . [not applicable]; (2) are liabilities for *obtaining* money or property by false pretenses or false representations, or for *willful and malicious* injuries to the person or property of another, . . .; (3) . . . [not applicable] or (4) were created by his fraud, embezzlement, misappropriation or defalcation *while acting as an officer or in any fiduciary capacity;* . . ." (Italics ours.)

■■ In nowise does the memorandum prove that defendant Lavoy obtained the five hundred dollars by false pretenses or false representations. It does not establish that all of the elements of actionable fraud were present, as they must be before a claim falls within this exception (*Zerega Distributing Co. v. Gough*, 52 Wn. (2d) 443, 445, 325 P. (2d) 894 (1958))[3]; nor does the memorandum establish that the five-hundred-dollar obligation was the result of a willful and malicious injury to plaintiff's property (*Emigh v. Lohnes*, 21 Wn. (2d) 913, 153 P. (2d) 869 (1944), and cases

[3]For illustrative cases, wherein the obligation was not discharged because it was created by false pretenses or false representations, see *Nichols v. Doak*, 48 Wash. 457, 93 Pac. 919 (1908); *In re Pulver*, 146 Wash. 597, 264 Pac. 406 (1928); *Rustuen v. Apro*, 40 Wn. (2d) 395, 243 P. (2d) 479 (1952).

cited). The test is stated in 8 Remington on Bankruptcy (6th ed.) § 3331, pp. 203, 204, as follows:

"A merely technical conversion of property cannot be brought within the exception. There must be something wanton or almost larcenous about the appropriation. . . . An ordinary judgment for damages for conversion is dischargeable where there was no express finding of wilfulness or malice, and nothing in the record indicates the existence of such factors. A finding that the conversion was wrongful and unlawful does not ipso facto categorize it as wilful and malicious. . . ."

█ Finally, we conclude that the memorandum, standing alone, is not sufficient to prevent defendants' obligation from being discharged in bankruptcy, for it does not establish that the obligation was "created by his [Lavoy's] fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."[4] Obviously, it does not establish that defendant Lavoy was an "officer." At most, the memorandum shows the same trust or fiduciary relation that always exists in a case of agency. In every case of agency, there is an element of trust and confidence, and any breach of duty may be said to be a breach of trust; nevertheless, the agent is not necessarily a fiduciary within the meaning of the bankruptcy act.

The rule is stated (and supported by authorities) in 8 Remington on Bankruptcy (6th ed.) § 3365, p. 251, as follows:

"Ordinarily, a broker, factor, or commission merchant, failing to account for money or property, is regarded merely as a debtor, not as a fiduciary, and this exception does not make his liability nondischargeable."

In *Maginnis v. Simmons*, 47 Wn. (2d) 19, 22, 286 P. (2d) 102 (1955), we quoted, with approval, 8 C. J. S. (Bankruptcy) § 578 (e), p. 1542, as follows:

" 'The words "fiduciary capacity" have been repeatedly held to embrace only technical trusts and not those which the law implies from a contract or from relations merely

---

[4]See annotation: "Broker, factor, or commission merchant as 'fiduciary' within purview of section 17(a)(4) of the Bankruptcy Act (11 U. S. C. § 35(a) (4)) . . ." 42 A. L. R. (2d) 896.

of general trust and confidence. It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio. *He must have been a trustee before the wrong and without reference thereto.'* " (Italics ours.)

*Guernsey-Newton Co. v. Napier*, 151 Wash. 318, 275 Pac. 724 (1929), is not apposite, for a statute made the agent a fiduciary.

The memorandum upon which this case is based is not sufficient to overcome defendants' *prima facie* case that the obligation was discharged in bankruptcy.

The judgment is reversed and the case remanded, with directions to dismiss the action with prejudice.

MALLERY, DONWORTH, OTT, and HUNTER, JJ., concur.