544 F.2d 1005
 In re William P. THORNTON, doing business as Thornton
Construction Company, Bankrupt.
E. A. SCHLECHT et al., Plaintiffs-Appellants,
v.
William P. THORNTON, doing business as Thornton Construction
Company, Defendant-Appellee.
 No. 74-1918.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 12, 1976.
 
 Paul T. Bailey (argued), Portland, Or., for plaintiffs-appellants.
 Mel Kosta, Klamath Falls, Or., for defendant-appellee.
 Before MERRILL and TRASK, Circuit Judges, and BATTIN,* District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a determination by a Referee in Bankruptcy that certain amounts owed by the bankrupt William P. Thornton, doing business as Thornton Construction Company, to the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund were dischargeable debts. This determination was affirmed after a hearing, by the United States District Court for the District of Oregon.
 
 
 2
 In their Objection to Discharge, the Trustees of the Vacation-Savings Trust Fund alleged that the bankrupt, Thornton, entered into a labor agreement with the Oregon State Council of Carpenters, which agreement required compliance by the bankrupt with the Carpenters Master Labor Agreement. That agreement required that the bankrupt deduct certain sums from his employees' wages "and that said bankrupt pay over these sums of money to the Trustees on behalf of the said employees." Thornton himself was neither a Trustee of the Vacation Fund nor in control thereof.
 
 
 3
 Appellants, Trustees of the Fund, contend that the bankrupt made deductions for the months of June through October 1972 from the wages of four employees and failed to send the amount deducted to them. They argue that the amounts in question were held in trust by the bankrupt in a fiduciary capacity. As such, appellants further contend, the funds were not dischargeable under Section 17(a)(4) of the Bankruptcy Act, 11 U.S.C. § 35(a)(4),[1] which exempts from discharge debts "created by his (the Bankrupt's) fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity." They urge that Ore.Rev.Stat. 659.320,[2] a statute dealing specifically with an employer's failure to make agreed payments to an employee benefit fund, mandates the conclusion that the funds were misappropriated. The Bankruptcy Referee found that "there is no showing that the insolvent bankrupt ever had a fund to convert or misappropriate, much less that he applied such fund to his own or other uses" and that "the bankruptcy was not acting in a fiduciary capacity with respect to contractually required contributions to the Applicant."
 
 
 4
 The burden here is on the appellants to show that the contested amounts are exempted from discharge in bankruptcy. Whelan v. United States Guarantee Co., 102 U.S.App.D.C. 287, 252 F.2d 851, 852 (D.C. 1958); Zerega Distributing Co. v. Gough, 52 Wash.2d 443, 325 P.2d 894, 896 (1958). While there was some evidence that the bankrupt might have had some monies available to pay to the Fund,[3] the monies in question were not paid to the Trustees. We are in agreement with the court below and the Bankruptcy Referee that appellants did not establish that the monies were held by the bankrupt in a "fiduciary capacity" within the meaning of § 17(a)(4) of the Bankruptcy Act.
 
 
 5
 The term "fiduciary" under this section has been consistently construed as limited to express trusts and not to trusts imposed ex maleficio that is, trusts imposed because of an act of wrongdoing out of which the debt arose or to trusts implied by law from contracts. Davis v. Aetna Acceptance Co., 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934). See also In re Burchfield, 31 F.2d 118, 120 (D.C.W.D.N.Y.1929); Taitch v. Lavoy, 57 Wash.2d 857, 360 P.2d 588, 591 (1961); 1A Collier on Bankruptcy P 17.24(4), pp. 1708-12.
 
 
 6
 The general characteristics of an express trust are 1) sufficient words to create a trust; 2) a definite subject; and 3) a certain and ascertained object or res. 89 C.J.S. Trusts § 22, pp. 734-35. The intent to create a trust relationship rather than a contractual relationship is the key element in determining the existence of an express trust. Id.
 
 
 7
 The agreement which Thornton entered into with the Oregon Council of Carpenters was purely contractual in character. It was part of a collective bargaining agreement negotiated between employer and employees dealing at arm's length. The only obligation assumed by the bankrupt was to pay contributions to the fund. The intent to create a trust as to monies in Thornton's hands and before payment to the Trustees is patently lacking here. While Oregon law may impose a trusteeship upon an employer who misappropriates the monies he is contractually obligated to deduct, such a trust does not convert the employer's status to that of a fiduciary for the purposes of § 17(a)(4) of the Bankruptcy Act. Davis, supra, 293 U.S. at 333, 55 S.Ct. 151.
 
 
 8
 The cases cited by appellants are not at odds with the result reached here. In State Industrial Accident Commission v. Aebi, 177 Or. 361, 162 P.2d 513 (1945), the deductions to the state workmen's compensation fund were imposed by statute and were considered a tax. The reasoning of the case involves an analysis of the statutory duty imposed upon the employer and the benefits that accrue to the public at large as a result. Hamby v. St. Paul Mercury Indemnity Co., 217 F.2d 78 (4th Cir. 1954), involved a real estate agent who misappropriated money which had been given to him by the purchaser of property to pay off the liens and claims against it. The court there was clearly influenced by state court decisions holding that real estate agents occupy a fiduciary relationship to their clients. The court acknowledged that constructive trusts and trusts implied by law do not impart fiduciary status upon a party holding funds for the purposes of 17(a)(4).
 
 
 9
 Accordingly, the order of the district court affirming the discharge in bankruptcy is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable James F. Battin, United States District Court Judge for the District of Montana, sitting by designation
 
 
 [1]
 Section 17 of the Bankruptcy Act (11 U.S.C. § 35) reads in part as follows:
 "Section 17a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."
 
 
 [2]
 Oregon Revised Statute 659.320 reads as follows:
 "Employer failing to make agreed payments to employe benefit fund. Whenever an employer has agreed in writing with any employe to make payments to a health and welfare, dental, pension, vacation, apprenticeship and industry fund or any other such plan for the benefit of the employes, or has entered into a collective bargaining agreement providing for such payments, it shall be unlawful for such an employer wilfully or with intent to defraud to fail to make the payments required by the terms of any such agreement."
 
 
 [3]
 The bankrupt's payroll record for June, August, September and October indicated deductions for "Vac Pay." "Vac Pay" was circled on July's payroll sheet, with the notation, "Not deducted from checks will deduct next month."