### EDWARD O. COOKE *vs.* ROSCOE M. PLAISTED.

Suffolk.   January 14, 1902. — March 7, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Evidence*, Relevancy and materiality, to show fraud.   *Bankruptcy.   Practice, Civil,* Verdict.

In an action by an attorney at law on an account annexed for a balance alleged to be due him upon a bill for professional services, the defendant filed a declaration in set-off.   To this the plaintiff pleaded in bar a discharge in bankruptcy. The defendant filed an answer to the plea in bar, alleging, that the discharge of the plaintiff was not a bar to the defendant's claim as the plaintiff's indebtedness to the defendant was created by the plaintiff's fraud, embezzlement, misappropriation or defalcation while acting in a fiduciary capacity.   It appeared, that the plaintiff had been one of two trustees for the benefit of the defendant's creditors.   The defendant offered to show that the trustees received about $12,000 from assets assigned to them,  that they paid creditors only about $2,400 and that the plaintiff's co-trustee charged $3,000 for his services, the charge being known to the plaintiff.   The evidence was excluded.   *Held,* that the exclusion was right, as the evidence had no tendency to prove the allegations of the answer to the plea of discharge.   *Also,* the defendant offered in

evidence the record in the case of *Cooke* v. *Barrett* reported in 155 Mass. 413, a suit in equity in which the plaintiff failed by reason of laches. The evidence was excluded. *Held*, that the exclusion was right, as the plaintiff's failure in that suit had no tendency to show that his indebtedness to the defendant was created by fraud in the manner alleged. *Held*, *also*, that evidence of an overcharge and of a sum of money received and not accounted for, neither of which were alleged in the declaration in set-off, rightly was excluded. *Held*, *also*, that evidence, tending to show the plaintiff's connection with the adoption by the defendant of a person as his child in order to obtain a bequest, and of a will of the defendant made in favor of the plaintiff, was immaterial to the issue and excluded rightly. *Also*, it appeared, that at one time the plaintiff attempted to discontinue this action and brought another action against the defendant on a promissory note for $1,500 which he alleged had been given by the defendant in settlement of this action. The jury found in that case that the note was not given in settlement of this action and the defendant had judgment. *Held*, that the record of the other action was immaterial and properly was excluded.

Where a discharge in bankruptcy is pleaded in bar to a claim made up of many items, and an answer to the plea alleges that the discharge is not a bar to the claim because the indebtedness was created by fraud of the bankrupt while acting in a fiduciary capacity, and it appears, that some of the items in the account were created by such fraud and some were not, and a jury gives a general verdict for a part of the claim only, there being nothing to show what items were included in the verdict, a judgment on the verdict is barred by the discharge.

CONTRACT on an account annexed as stated by the court, the case at a previous stage being reported in 176 Mass. 374. Writ dated January 13, 1893.

The last trial in the Superior Court was before *Hardy*, J., who ordered a formal verdict sustaining the plaintiff's plea alleging his discharge in bankruptcy in bar of the defendant's declaration in set-off; and the defendant alleged exceptions.

The United States bankruptcy act of 1898, § 17, cl. 4, provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

*W. P. Hale*, for the defendant.

*H. H. Pratt*, for the plaintiff, submitted a brief.

BARKER, J.   This suit was brought to recover upon an account annexed an alleged balance of $2,681.21 upon a bill for professional services as an attorney at law alleged to amount to $6,023.53 on which was credited in the account, in a number of items, sums received by the plaintiff amounting to $3,342.32. The defendant besides filing an answer contesting the plaintiff's

demand filed a declaration in set-off alleging that the plaintiff owed him the sum of $3,342.32 of which the schedule of credits in the plaintiff's account annexed was alleged to be an itemized statement, with the further sum of $1,000 for money had and received by the plaintiff to the defendant's use, with interest thereon from a date alleged, and further that the plaintiff owed him interest from the same date upon the sum of $1,350 part of the $3,342.32 at the rate of thirty per cent per annum under a statute giving that rate of interest upon money collected by an attorney and not paid over upon request, and also, by amendment the further sum of $356.25 for money had and received by the plaintiff to the defendant's use.

The defendant's answer alleged that in the year 1889 the defendant constituted the plaintiff and one Fowle trustees of the plaintiff's property for the benefit of the plaintiff's creditors and of himself, and that the plaintiff agreed that his compensation for services as a trustee should be only $200, and that some of the charges were for services as trustee in excess of the amount agreed upon ; that others were for services rendered to others than the defendant; that some were rendered upon the understanding that they were to be paid only if the suits in which they were rendered were successful, and that the suits were unsuccessful ; and the answer also alleged payment in full.

There was also an answer in recoupment alleging that the defendant was induced to make the trust assignment of 1889 by wrongful advice given to him by the plaintiff with the fraudulent intent to deprive the defendant of his entire property, and that the plaintiff managed the trust property so negligently and carelessly that his services were worthless and the defendant put to delay and expense for which he asked to recoup the sum of $10,000 as damages.

The case went to an auditor who found for the defendant on the plaintiff's account and for the defendant in the sum of $8.06 on the declaration in set-off, and who also made special findings that there was no evidence before him to support a charge of fraud on the part of the plaintiff, nor any evidence to entitle the defendant to a recoupment, or to the sum of $1,000 alleged in the declaration in set-off or to thirty per cent interest. It appears further from these special findings of the auditor that he

disallowed upwards of $1,800 of the plaintiff's charges for services as an attorney at law.

After the filing of the auditor's report the case went to a jury and resulted in a verdict for the defendant in set-off for the sum of $1,482.25. Exceptions taken by the plaintiff at the trial in which this verdict was rendered were overruled by this court in *Cooke* v. *Plaisted*, 176 Mass. 374. The plaintiff then filed a petition in bankruptcy and on April 8, 1901, obtained his discharge, which he pleaded in this action on April 22, 1901. In the meantime a judgment seems to have been entered on the verdict in favor of the defendant on the set-off, and the plea alleged that the plaintiff ought not to be further held to answer the judgment.

The defendant answered denying the discharge and also alleging that it was inoperative against the defendant's claim because that was an indebtedness created by fraud of the plaintiff against the defendant, and further that the defendant's claim was an indebtedness created by the plaintiff's fraud, embezzlement, misappropriation or defalcation while acting in a fiduciary capacity. Thereupon the case was sent to another auditor under a rule to find and report the facts relating to the plaintiff's plea in bar and to the defendant's answer thereto. This auditor reported that at the hearing before him the defendant contended that the discharge did not relieve the plaintiff of his liability upon the judgment because the indebtedness which had been reduced to judgment had been created by the fraud, embezzlement, misapplication or defalcation of the plaintiff while acting as a trustee under the assignment of 1889. The auditor found that such an assignment had been made to the plaintiff and Fowle; that the trustees came into possession of several thousand dollars under the assignment and paid all creditors; that the plaintiff acted as attorney for the defendant as well as trustee and received and credited on account of his services as attorney from time to time, while he was acting as such trustee the amounts credited to the defendant in the plaintiff's declaration and claimed in the declaration in set-off; that these amounts were received from the assets of the trust by the plaintiff either by checks against the trust deposit or in settlement of collections or suits in which he represented the trustees

as attorney, and that, in some instances certainly the defendant knew that these amounts had been received by the plaintiff. Also that the defendant contended before the auditor that these facts established a fraud or misapplication of one acting in a fiduciary capacity within the meaning of the bankruptcy act. Also that so far as the question before the auditor was one of fact he found that there was no fraud, misapplication, embezzlement or defalcation, and that so far as the question was one of law the auditor reported it for the decision of the court, and lastly that the judgment had been assigned after verdict to a third party.

After this auditor's report had been filed the case went to trial before a jury upon the issues raised by the plea of the discharge in bankruptcy and the answer thereto, and we now have to consider the exceptions taken by the defendant at that trial the court having directed the jury to render a verdict in favor of the plaintiff. At this trial the plaintiff put in evidence the second auditor's report and rested. The defendant's evidence tended to show that the assignment in trust of 1889 covered all his property except personal ornaments and wearing apparel ; that all the money credited by the plaintiff in the account came from the trust fund ; that the plaintiff drew the deed of assignment and acted as a trustee under it, and that when it was made he agreed to do all the work required under it for the compensation of $200 unless the defendant should be forced into insolvency in which event the plaintiff was to have $100 more.

The defendant's evidence also tended to show that he was in a weak mental condition and incompetent to transact business when the assignment of 1889 was made. The other evidence admitted tended to show that the plaintiff had collected for the defendant sums not credited in his account, that the charges for services and expenses stated in the plaintiff's account were either untrue, were in excess of what the plaintiff had agreed that his compensation should be or were for services not in fact rendered for the defendant, or for expenses to which he never had assented and ought not to pay, or for matters in proceedings against his interest. Also that with reference to the charges in connection with one equity suit the plaintiff had proposed to the defendant that the latter should make up a bill of twice the

amount and collect it of his father's estate and divide the proceeds with the plaintiff, or that the defendant should break his mother's will and sue for one half of the assets of the partnership which had once existed between his father and himself. Most of this evidence was contradicted by the testimony of the plaintiff.

At the close of the evidence a verdict for the plaintiff was ordered, against the defendant's exception. His other exceptions are to the exclusion of evidence.

The first two of the latter class are to the exclusion of evidence that the trustees received about $12,000 from the assigned assets and that they paid creditors only about $2,400 and that the plaintiff's co-trustee charged $3,000 for his services, the charge being known to the plaintiff. This evidence had no tendency to prove the allegations of the answer to the plea of the discharge and was excluded rightly.

The record of the action reported as *Cooke* v. *Barrett*, 155 Mass. 413, was rightly excluded because the failure of the plaintiff to succeed in that litigation had no tendency to show that his indebtedness to the defendant was created by fraud in the manner alleged in the answer.

The witness Knapp was properly prevented from testifying that he received less than the sum charged as paid to him by the plaintiff for serving a process, because the defendant did not contend that he had sought to recover that sum in his declaration in set-off.

One of the credit items was in amount $39.68, and the plaintiff testified that it represented the difference between a sum of $1,200 received by him from the trust to take up two notes and the sum of $1,160.32 which he paid out therefor. This item of $39.68 was one of those in the declaration in set-off. The defendant offered to prove that the plaintiff paid in settlement of the notes twenty per cent less than $1,160.32, and the evidence was excluded and an exception taken. Assuming that the evidence would have shown that besides the $39.68, over $200 more of the $1,200 received by the plaintiff to pay the notes was not used by him for that purpose, no part of the $1,200 except the $39.68 could have been included in the verdict on the declaration in set-off, and whether he owed the defendant the additional

sum because of a fraud not affecting the set-off was immaterial to the issue upon trial.

The evidence tending to prove the plaintiff's connection with the adoption by the defendant of another person as his child in order to secure a bequest in the will of the defendant's mother, and that with reference to a will of the defendant made in favor of the plaintiff was all immaterial to the issues upon trial and was excluded rightly.

At one time the plaintiff attempted to discontinue this action and thereafter he brought another action against the defendant upon a promissory note for $1,500 which he alleged had been given by the defendant in settlement of this action. In the second action the jury found that the $1,500 note was not given in settlement of this action and the defendant had judgment. The record of the second action was offered in evidence and excluded subject to the defendant's exception. We think this evidence immaterial also.

There seems to be an insuperable difficulty with the defendant's case, so far as his contention that the discharge in bankruptcy is not operative against his judgment is concerned, and this difficulty lies in the fact that it is impossible to say upon what items or specific cause or causes of action the verdict upon the declaration in set-off was rendered. The whole sum alleged by that declaration to be due from the plaintiff to the defendant including the interest alleged to be due upon principal amounted at the time when the verdict was rendered to more than $7,000. The verdict was for $1,482.25 only. If we assume as the evidence tended to show that the sums credited to the defendant by the plaintiff in the account annexed to the plaintiff's declaration and amounting to $3,342.32 were received by the plaintiff from the trust property, still it cannot be known upon which of the items making up that sum the verdict in set-off was founded, nor can it be asserted or shown that any considerable part of the verdict, if any part of it, was founded upon the sums received by the plaintiff from the trust and credited in his account annexed. Besides declaring for the credit items amounting to $3,342.32 the declaration in set-off alleges that the plaintiff owes him for money had and received to the defendant's use further and additional sums of $1,000, $200, $36.25, and $100,

with interest from April 19, 1893, and there is no allegation that these sums were connected with the trust. With interest from the date alleged they amount to nearly if not quite the amount of the verdict. Besides this there are quite considerable amounts in the credit items, like the payment of the agreed compensation of $100 for services as trustee and of $25 for services in the matter of the application of the defendant's wife for separate support, which the defendant does not contend were obtained by fraud. There is therefore in the nature of things no way of showing that the verdict in set-off represented trust property alone, nor any way of showing that it was made up alone of indebtedness created by the fraud, embezzlement, misappropriation or defalcation of the plaintiff while acting as trustee. But unless the verdict was for such demands only the defendant having put his demand in such shape that the part of it not barred by the discharge is indistinguishably mingled with other demands not of that nature and as to which the discharge is a bar, was not entitled to a verdict in his favor either upon the evidence as it stood or as it would have been if all the evidence excluded against his exception had been admitted. There being no dispute that the discharge had been granted, unless upon the evidence the jury could do more than to conjecture that the verdict in set-off was for indebtedness created by the plaintiff's fraud they were rightly ordered to find a verdict for the plaintiff upon the issue before them.

*Exceptions overruled.*