## Charles Dressler, Administrator, Appellant, v. James H. Van Vlissingen, Appellee.

### Gen. No. 20,932.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

## Statement of the Case.

Action in assumpsit in the Superior Court of Cook county by Charles Dressler, administrator of the estate of Fredericka Dressler, deceased, against James H. Van Vlissingen to recover on a promissory note executed by the defendant at Chicago, dated December 1, 1903, to the order of Fredericka Dressler, for the sum of $1,000, with interest at six per cent. per annum. It appeared that the defendant had been discharged in bankruptcy, but the plaintiff claimed that he had expressly promised to pay the debt after such discharge, and there was evidence that the defendant had paid $50 on the note.

The case was tried by the court without a jury, and the issues were found in favor of the defendant. Judgment was entered upon the finding and this appeal followed.

OSSIAN CAMERON and FRED C. CHURCHILL, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Frederick R. De Young, for appellee.

Mr. Presiding Justice Scanlan delivered the opinion of the court.

## Abstract of the Decision.

1. BANKRUPTCY, § 81*—*what promise is necessary to revive a debt discharged in bankruptcy.* A discharge in bankruptcy releases a debt of the bankrupt arising out of a note, and to revive the same the promise of the debtor to pay the note must be clear, distinct and unequivocal, and without such clear and express promise neither payment of interest, part payment of principal, nor declaration of intention to pay will suffice to revive the same.

2. BANKRUPTCY, §§ 85*—*when proof of new promise to pay debt discharged in bankruptcy is insufficient.* Evidence *held* not to show a clear and unequivocal promise to pay a note discharged in bankruptcy.