## H. J. GUINDON v. F. H. BRUSKY.[1]

### February 21, 1919.

### No. 21,106.

**Discharge of bankrupt — judgment not based on fraud.**

1. The defendant sold a second-hand automobile to the plaintiff. The plaintiff claimed that the defendant agreed to take it back and repay the purchase price, if certain representations or warranties made as a part of the contract of sale were untrue, and that they were untrue. The defendant refused to repay the purchase price. Suit was brought and the plaintiff had judgment. Upon an examination of the pleadings and charge of the court, it is *held* that the action was on contract, and that the judgment was not excepted from the operation of the defendant's discharge in bankruptcy as representing a liability "for obtaining property by false pretenses or false representations."

**Same — burden of proving fraud.**

2. The burden of proof is upon the creditor who claims that his duly scheduled debt is excepted from the operation of the discharge in bankruptcy because of fraud; and when under the pleadings and charge the creditor's judgment might be based upon contract, or upon fraud, or upon both, and there is nothing but the pleadings and charge from which to determine the fact, the creditor does not sustain the burden.

Action in the district court for Ramsey county to recover $325. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. Judgment was

1Reported in 170 N. W. 918.

entered pursuant to the verdict. Defendant's motion to cancel the judgment of record, because of his being adjudged a bankrupt after the entry and docketing of the judgment, was granted, Olin B. Lewis, J. From the order granting the motion, plaintiff appealed. Affirmed.

*George Cahill, Harry H. Peterson* and *Harry W. Oehler,* for appellant.
*Charles E. Bowen,* for respondent.

DIBELL, J.

Judgment was entered in favor of the plaintiff and against the defendant on June 10, 1916, for $352.11. Afterwards the defendant was adjudged a bankrupt and on December 18, 1916, received his discharge. The defendant made the application authorized by G. S. 1913, § 7914, to discharge the judgment of record because of the discharge in bankruptcy. An order discharging the judgment was entered and the plaintiff appeals.

1. A discharge in bankruptcy releases a bankrupt from all of his provable debts with certain exceptions. The judgment was scheduled and proved. That it was a provable debt is not questioned. 30 St. 562, c. 541, § 63 (U. S. Comp. St. 1916, § 9647). The exception from the effect of a discharge important here is of such provable debts as are "liabilities for obtaining property by false pretenses or false representations." Act of July 1, 1898, c. 541, § 17, 30 St. 550, as amended by Act February 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. 1916, § 9601). The question is whether the liability represented by the judgment was such a one. For its determination we have before us the judgment, which is an ordinary money judgment, the pleadings and the charge of the court. It is conceded that all of these are proper for consideration and that we have nothing else.

The plaintiff purchased of the defendant a second-hand automobile for $325, paying $150 cash and giving his note for $175. The complaint alleges that he warranted the car to be in good condition, that it would run 50,000 miles, and agreed, as a part of the consideration of the sale, that if it was unsatisfactory, or did not fulfil the representations and warranties, the plaintiff might return it and the defendant would return the consideration. These representations and warranties, it is alleged, were false. The defendant further represented, so the complaint

alleges, that the car was a 1913 Cadillac, when, as he knew, it was a 1910 Cadillac. The plaintiff returned the car and demanded a return of the money, and upon the defendant's refusal brought suit. The defendant claimed that the sale was unconditional and that there were no warranties. There was a verdict for the plaintiff upon which the judgment involved was entered.

The court submitted to the jury the question whether the warranties or representations were made and whether the defendant agreed to take back the car if they were untrue. The jury was charged that if the warranties or representations were made and were untrue and were relied upon, and there was an agreement to accept a return of the car if they were untrue, then the plaintiff was entitled to a return of his money. It was also charged that if the warranties were not made, or if they were made and there was not reserved to the plaintiff the right to return the car, then he could not recover. There was an occasional reference in the charge to the falsity of the warranties or representations. A warranty must be false if there is a breach of it. There was an occasional reference to the warranties or representations being knowingly false. There was an occasional reference to the necessity of a reliance by the plaintiff on the warranties. In this state, where representations are relied upon as constituting a warranty, they must be made in such manner as to authorize an understanding that the vendor intended to be bound by them as a part of the contract, and the vendee must purchase in reliance upon them. Torkelson v. Jorgenson, 28 Minn. 383, 10 N. W. 416. This likely enough explains the charge upon the question of reliance. There is not in the pleadings nor in the charge such words as "intent to defraud," or "fraud," or "fraudulent," or "fraudulent representation" or their natural equivalents. They are not indispensable in order to state in a pleading or to define in a charge to a jury a cause of action for fraud, but they are so usual that their absence suggests that such a cause of action was not in mind. Portions of the charge do, as counsel for the appellant urge, contain matter common to fraud cases, such as that representations were false, or knowingly false, and that reliance was placed upon them, but it is our judgment that the charge is to be construed as referring to a cause of action on contract. That is the plain tenor of it. That the complaint states a cause of action on con-

tract, and not one for fraud, is not to be questioned. We agree with the view expressed by the trial court in its memorandum that "the right of plaintiff to recover the purchase price is based, not upon fraud, but upon a contract."

2. One other consideration may be noted. It is conceded that the complaint states a cause of action on contract. It must be conceded that a right of recovery on contract was submitted to the jury. Let it be assumed that there was alleged in the complaint and submitted to the jury a right of recovery for obtaining property by false pretenses or false representations, and that the jury might have found for the plaintiff upon one or the other, or even on both if they were not so inconsistent as to prevent it.

The burden of proof is upon the creditor who claims that his duly scheduled debt is excepted from the operation of the discharge. Van Norman v. Young, 228 Ill. 425, 81 N. E. 1060; In re Grout, 88 Vt. 318, 92 Atl. 646, Ann. Cas. 1917A, 210; In re Levitan, 224 Fed. 241; Hallagan v. Dowell, 179 Iowa, 172, 161 N. W. 177; Burnham v. Noyes, 125 Mass. 85; Sherwood v. Mitchell, 4 Denio, 435. If under the pleadings and the charge a judgment might be based on contract, or on fraud, and there is nothing but the pleadings and charge upon which to determine the fact, the party having the burden of proving the one or the other fails to sustain it, and so does not prove his cause of action or defense. See Hallagan v. Dowell, 179 Iowa, 172, 161 N. W. 177; Cooke v. Plaisted, 181 Mass. 82, 62 N. E. 1054. This is a necessary result.

Order affirmed.