[No. 29460.    Department Two.    December 2, 1944.]

HEWITT B. EMIGH, *Appellant*, v. RAYMOND H. LOHNES *et al.*, *Respondents.*[1]

*H. A. Martin*, for appellant.

*Leopold M. Stern* and *Douglas D. Mote*, for respondents.

SIMPSON, C. J.—The question presented in this case is whether a judgment obtained by plaintiff against defendants was dischargeable in bankruptcy.

October 16, 1940, plaintiff was awarded judgment against defendants.    March 23, 1943, defendants were adjudged

[1]Reported in 153 P. (2d) 869.

bankrupt and received their discharge July 13, 1943. May 25, 1944, plaintiff obtained a writ of garnishment based on the judgment and directed to the Lake Washington Shipyards, Inc. June 2, 1944, defendants filed a motion to quash the writ on the ground that the debt and judgment had been canceled by their discharge in bankruptcy. Plaintiff answered the motion by alleging:

"That the judgment herein is not dischargeable under the provisions of the bankruptcy act of Congress of the United States of July 28, 1939, Section 17, subdivision A (2) USCA Section 35, subdivision A (2), which section excepts from discharge all liabilities for obtaining money or property by false pretenses or false representations or for wilful injury to the person or property of another, and that the judgment herein was rendered in favor of the plaintiff and against the defendant on a liability for obtaining money or property by false pretenses and by false representation and for wilful injury to the property of the plaintiff."

After a hearing to the court, an order was entered quashing the writ and canceling the judgment. Plaintiff has appealed.

Appellant contends that the record establishes the fact that respondents were guilty of a willful and malicious injury to the property of appellant within the meaning of 11 U. S. C. (Sup.), § 35, which provides:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, . . ."

Before proceeding to a discussion of the issues presented in this case, we deem it necessary to call to mind some of the general rules to be followed in a case of this nature.

State courts, in ascertaining the nature and liability of the bankrupt,

" . . . should look through the judgment to the record disclosing the issues of the case and the theory upon which it was tried, to determine the nature of the liability for which it was rendered, and thus determine whether or not that liability was discharged by the general discharge

awarded by the Federal court." *In re Pulver,* 146 Wash. 597, 603, 264 Pac. 406.

Accord: *Ernst v. Hingeley,* 11 Wn. (2d) 171, 118 P. (2d) 795.

█ The requirements of a pleading in opposition to a discharge in bankruptcy are applicable in the case which we have before us. These requirements are stated in the following language by Black on Bankruptcy (4th ed.), § 1127, p. 1415:

"Specifications in opposition to the bankrupt's application for discharge must of course be in writing, . . . there must be adequate statements of issuable facts; mere statements of conclusions of law are not sufficient. . . . And it is an inflexible rule that the allegations of the specifications must be clear, distinct, specific, and circumstantial. General allegations will not suffice; all the essential facts must be particularized. Vague charges will not do; the allegations must be so precise and full as to inform the bankrupt of the exact charge which he is called upon to refute, and to inform the court of the exact issue to be tried. For this reason a specification which merely follows the general language of the statute, without attempting to set forth particular facts, transactions, or details, is not sufficient. . . . It has even been held, in several cases, that the specifications must set forth the facts with the same particularity and exactness that are required in an indictment or a criminal information."

A more definite statement of the rule is given by the same author in § 1128 as follows:

"A specification in opposition to a bankrupt's application for discharge, on the ground of his having concealed property from his trustee, is fatally defective if it fails to allege that the offense was committed 'knowingly and fraudulently,' these words being included in the statute as a necessary part of the crime or ground for refusing a discharge. Thus, an allegation that he has 'not offered to surrender all of his property for the benefit of his creditors' and that he is 'withholding property from his creditors' is not sufficient, nor is an allegation that the bankrupt, 'with a fraudulent intent, has failed to include in his schedules property belonging to him,' nor a charge that, at the time of filing the petition, he owned and possessed property

which he has fraudulently concealed and fraudulently failed to inventory, nor an allegation that he fraudulently disposed of a part of his property and in his petition concealed the fact, and has converted the proceeds of the property to his own use."

■ The burden of proof is upon the creditor to show that the debt is excepted from the discharge. 7 Remington on Bankruptcy (5th ed.), § 3535, p. 791; 1 Collier on Bankruptcy (14th ed.), paragraph 17-31, p. 1669. Accord: *In re Lusch*, 251 Fed. 316, 42 Am. B. R. 246; *Guindon v. Brusky*, 142 Minn. 86, 170 N. W. 918, 43 Am. B. R. 263; *In re Harber*, 9 F. (2d) 551, 7 Am. B. R. (N.S.) 50; *Davis v. Aetna Acceptance Co.*, 293 U. S. 328, 79 L. Ed. 393, 55 S. Ct. 151, 26 Am. B. R. (N.S.) 577. See, also, *Neal v. Clark*, 95 U. S. 704, 24 L. Ed. 586; *Hennequin v. Clews*, 111 U. S. 676, 28 L. Ed. 565, 4 S. Ct. 576.

"The act is very liberal towards the bankrupt as to his discharge, and strict construction of the terms under which opposition will be sustained is had in favor of the bankrupt's discharge." 7 Remington on Bankruptcy (5th ed.), § 3216, p. 452.

Accord: 1 Collier on Bankruptcy (14th ed.), paragraph 14.02, p. 1254.

■ With these rules before us, we proceed to an examination of the record. The complaint contains the following allegations which were carried into the findings of fact:

"That on or about July 27, 1938, one Elmer H. Stenquist contracted with the plaintiff to furnish plans and to construct a dwelling house and garage for the agreed price of $3800.00, provided that said construction may be financed through the United States Federal Housing Administration. That an application was prepared and filed with the First Savings and Loan Association of Seattle, a Washington corporation, for a Federal Housing Administration loan, but said application was denied.

"That on or about November 2, 1938, at the request of the said Elmer H. Stenquist, the plaintiff furnished plans and specifications for the construction of a dwelling house for the said Elmer H. Stenquist for the agreed sum of $3800.00, and on or about the 15th day of November, 1938, application was again made to the First Savings and Loan Association of Seattle, a Washington corporation, for a United

States Federal Housing Administration loan. That the defendant Raymond H. Lohnes represented to the plaintiff that he had financial connections whereby he could secure a construction loan for the erection of the Stenquist dwelling, and that relying thereon, the plaintiff withdrew the application for the Federal Housing Administration loan and turned over to the defendant on or about the 10th day of December, 1938, his plans and specifications for the purpose of the obtaining of a construction loan on behalf of the plaintiff and the said Elmer H. Stenquist.

"That the defendant Raymond H. Lohnes, changed said plans and specifications so that they represented himself to be the contractor for the said house, and in breach of the trust and confidence imposed in him by the plaintiff, he persuaded the said Elmer H. Stenquist to employ the said defendant to erect the dwelling house for the said Elmer H. Stenquist.

"That the plaintiff would have made a profit of the sum of $500.00 in the construction of the said Stenquist dwelling house, and that by reason of the defendant, Raymond L. Lohnes, wrong conduct, plaintiff has been damaged in said sum."

It will be noted that appellant has changed his theory of recovery. In his complaint he sought to obtain judgment on the charge of breach of trust, and in this proceeding he seeks to have his judgment satisfied on the charge of willful and malicious injury to his property.

The record fails to disclose any attempt on the part of appellant in any way to charge respondents with a willful and malicious injury to appellant's property. In fact, the whole theory of the action was for damages resulting from a "breach of the trust and confidence imposed" on respondent Raymond L. Lohnes by appellant.

The recent case of *In re LaPorte*, 54 Am. B. R. (N.S.) 775, 54 F. Supp. 911, disposes of the question before us. In that case, the court stated:

"This is a proceeding to restrain enforcement and execution of a judgment against the bankrupt. On June 28, 1939, a judgment was filed and entered against the bankrupt herein in Supreme Court, Erie County, New York, in favor of John and Charles Bieda. No appearance was entered on behalf of defendant. Testimony was taken and findings made.

"The complaint recites, in substance, a conversion by the defendant of phonograph records owned by the plaintiffs. The only allegations bearing on defendant's intent were that he 'wrongfully and unlawfully converted' and 'neglected and refused to return' the records. Findings of fact followed the language of the complaint, conclusions of law recite that defendant 'is found guilty of conversion.'

"An execution issued and a garnishee was served on defendant's employer, but on September 15, 1943, defendant was adjudicated a bankrupt, the judgment being listed in the schedules. An order was granted September 27, 1943, to restrain further enforcement and to show cause why enforcement should not be permanently restrained.

"Biedas, the judgment creditors, contend that the judgment is not dischargeable on the ground that it is for a 'wilful and malicious' injury to property with [within] the meaning of section 17(a)(2) of the Bankruptcy Act, Title 11, sec. 35(a)(2) U. S. C., citing *Barbery v. Cohen,* 42 Am. B. R. 226, 183 App. Div. (N. Y.) 424, and *Bank of Williamsville v. Amherst Motor Sales,* 20 Am. B. R. (N. S.) 623, 234 App. Div. (N. Y.) 261. The former holds that an express finding of a wilful and wrongful detention by defendant with full cognizance of plaintiff's right to possession is within section 17(a) (2) of the Act, *supra;* the latter holds that an allegation of simple conversion does not restrict proof to a mere technical conversion but will admit proof of a wilful and malicious type and support a judgment thereof. *Tinker v. Colwell,* 193 U. S. 473, 11 Am. B. R. 568, holding that a judgment for criminal conversation is not discharged, is not in point.

"The Biedas further contend that the record is conclusive as to the nature of the cause of action. With this last contention, the court is and has been in complete agreement. *In re Danahy,* 50 Am. B. R. (N. S.) 210, 45 F. Supp. 753 (July 7, 1942), where this court held that evidence outside the record is not competent proof of the transactions. Affidavits submitted herein by the bankrupt are, thus, to no avail.

"It is clear under the cases that a mere technical conversion is not within section 17(a) (2), *supra,* and that a finding that a defendant was 'guilty of legal conversion' combined with a finding that defendant was not 'actuated by wilful, malicious or criminal intent' is not sufficient to bring the judgment within the exception. See: *Davis v. Aetna Acceptance Co.,* 293 U. S. 328, 26 Am. B. R. (N. S.) 577 (1934). *In re Danahy, supra,* holds that the record must

affirmatively show wilful and malicious injury; also see: *In re Hammond*, 37 Am. B. R. (N. S.) 638, 98 F. (2d) 703 (C. C. A., 2nd Cir., 1938).

"Examining the complaint and findings before the court, no express finding exists of wilful and intentional wrongdoing, and I hold that the same will not be predicated from the language of the complaint and findings herein, to wit: 'wrongfully and unlawfully converted'; 'neglected and refused to return' and 'found guilty of conversion' without other facts from which an express finding of a wilful and malicious intent could be found. The complaint and findings set forth simple allegations of conversion and are as consonant with a technical conversion as some more aggravated type."

Appellant calls our attention to *Gaddy v. Witt*, 142 S. W. (Tex. Civ. App.) 926; *Tinker v. Colwell*, 193 U. S. 473, 48 L. Ed. 754, 24 S. Ct. 505; and *McIntyre v. Kavanaugh*, 242 U. S. 138, 61 L. Ed. 205, 37 S. Ct. 38.

In the first case cited, the record disclosed and the trial court found that the bankrupt had obtained a guaranty signature to a note by false and fraudulent representations. The court of appeals affirmed a judgment against the bankrupt, and, in so doing, stated:

"We think the statute referred to should be liberally construed so as to prevent the discharge in bankruptcy from relieving against a liability which would not exist but for the fraudulent conduct of the bankrupt."

In the second case, the court made some general statements relative to malicious injury to person or property to the effect that a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously. The decision in that case was based upon a judgment for criminal conversation of defendant with plaintiff's wife.

In the last case cited, the bankrupt was sued for wrongful conversion of stock certificates, and the court held that the discharge in bankruptcy did not cancel the obligation.

The facts in the cases just cited and those in the present one are entirely different and are of no aid to appellant. We hold that the facts reflected by the record in the case at bar do not show a willful and malicious injury to appellant's property within the meaning of the bankruptcy statute, and that the trial court was correct in so holding.

Judgment affirmed.

BEALS, BLAKE, ROBINSON, and MALLERY, JJ., concur.

January 24, 1945. Petition for rehearing denied.