E. W. Lawrence, Appellant, v. Howard Wischnowsky, Appellee.

Gen. No. 10,502.

Opinion filed August 23, 1951. Rehearing denied October 2, 1951. Released for publication October 2, 1951.

C. M. GRANGER, of Kankakee, for appellant.

BUTZ, BLANKE & STITH, of Kankakee, for appellee.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from an order of the county court of Kankakee county, recalling on motion of Howard Wischnowsky, defendant-appellee herein, that court's execution on a judgment rendered on January 7, 1944, in favor of plaintiff-appellant E. W. Lawrence staying all further proceedings thereon.

On September 14, 1942, the appellant sold some hogs to the appellee. In payment therefor Wischnowsky delivered to Lawrence a conditional sales note for $696, due March 14, 1943. The note provided the title to the hogs remain in the payee until payment was made, and the note also included a warrant of attorney to confess judgment at any time after its date. The note was not paid when due, and some time in 1943 Wischnowsky sold the hogs without accounting to Lawrence for the proceeds.

On January 7, 1944, a judgment was entered by confession in the county court of Kankakee county in favor of Lawrence and against Wischnowsky for the sum of $845.56.

On June 20, 1944, Wischnowsky was adjudicated a voluntary bankrupt in the United States District Court for the Eastern District of Illinois. The judgment of Lawrence was listed in the schedule as an unsecured claim. On objection of appellee's discharge in the said United States court, the referee found that the hogs had been sold without accounting to Lawrence. The referee held that the appellee's discharge was not barred, and it was granted to him, and he further refused to decide whether the debt was dischargeable, and held this question was reserved for the state courts in a proper proceedings.

On January 7, 1944, Lawrence filed in the county court of Kankakee county where the judgment was taken, an affidavit for garnishment alleging among other things that Sanderson and Porter were indebted

to Wischnowsky. Sanderson and Porter, the garnishee, filed an answer admitting certain indebtedness, and on August 30, 1945, a judgment was entered that appellee for use of appellant have judgment against the garnishee for the amount of $82.50. On December 13, 1950, appellant sued out a pluries execution on his judgment for the amount of the unpaid balance there. The execution was delivered to the sheriff of Kankakee county to levy on certain real estate of the appellee, and it was advertised for sale. December 19, 1950, appellee filed his motion in the county court to recall the execution on the ground that his discharge of bankruptcy discharged the debt. Appellant contended in the county court, as he does here, that the underlying judgment was a liability for willful conversion of property, hence not dischargeable in bankruptcy. He further contended in the county court, and contends here, that the garnishment judgment above referred to was *res adjudicata,* in effect contending that the fact that appellee did not raise the question or plead his discharge in bankruptcy was in fact an admission and adjudication that it was not dischargeable. Wischnowsky was called by Lawrence as an adverse witness in the trial held in the county court. Wischnowsky testified that he had sold the hogs and paid the proceeds to Lawrence. He further was asked why he listed the debt as a debt in bankruptcy if he had paid it. He said he did not wish to answer that. E. W. Lawrence also testified that he sold half of those hogs to Howard Wischnowsky for which the note was given, and he retained title to the hogs by the conditional sales note; that Wischnowsky sold the hogs, and had not paid him the proceeds of the sale or any part thereof. The court permitted E. W. Lawrence and Howard Wischnowsky to testify as above mentioned, but reserved ruling as to its competency. The court later sustained the objec-

tions as to the competency of the testimony of E. W. Lawrence and Howard Wischnowsky, and ordered that the execution be recalled.

The facts disclosed by the record are that Lawrence, the appellant, had sold Wischnowsky, the appellee, the hogs in question and taken an ordinary note in payment thereof. Lawrence, in addition to having the note, reserved title in the hogs by a conditional sales agreement. That is he not only had the security of the maker of the note but he had additional security, the hogs. The note was an ordinary judgment note form, and provided that payee might take judgment on it by confession at any time thereafter. The hogs were sold by Wischnowsky, apparently without the consent of Lawrence, and the proceeds of the sale were converted to his own use, and were not applied on the note. After the date of the sale as above disclosed, Lawrence took judgment on his note. Wischnowsky went into bankruptcy thereafter and was discharged on the 8th day of December, 1944, the discharge being defendant's exhibit two, stating that the bankrupt was discharged from all his debts except such debts as are by said act excepted from the operation of the discharge in bankruptcy. There is no question but such discharge was properly given to the bankrupt by the United States court. (U. S. C. A. Title 11, Sec. 103 (1) of the Bankruptcy Act.)

██ It is settled law that the discharge in bankruptcy is prima facie bar to a claim sued upon, and the burden of proof is upon the person attacking it to show that the debt sued on is not within the terms of the bankrupt's discharge. (*VanNorman v. Young*, 228 Ill. 425; *Vandervoort v. Flaherty*, 257 Ill. App. 480.)

██ So in this case the bankrupt court was right in awarding Wischnowsky his discharge, and the question of whether certain debts made by the bankrupt were dischargeable in suits thereinafter brought against him

350

was a question for the court where he was sued to determine under the provisions of section 17 of the Bankruptcy Act (11 U. S. C. A. Par. 35, 3 F. C. A. Title 11, Par. 35).

These questions are not important here. The question presented here is whether the nondischargeable character of the original obligation for which a note or other commercial paper has been given may be shown even after the recovery of a judgment on the note, which judgment disclosed nothing to show that the debt is not dischargeable. This question is discussed in an interesting note on the subject in 170 A. L. R. 368. The notewriter says, on page 374: ''By the great weight of authority, although the nondischargeable character of the original obligation for which a note or other commercial paper has been given may be shown even after the recovery of a judgment on the note if the record of the judgment or of the proceedings in which it was obtained discloses such character, it may not be shown if all that the record shows is that the action was upon a note and does not disclose the nondischargeable character of the original obligation.''

Under this view of the law the nondischargeable character of the original obligation may be shown only by what appears on the judgment record or the record of the proceedings culminating in the judgment; so that, if nothing appears on that record showing that the original obligation was of a character excepted from the operation of the discharge in bankruptcy, the judgment will be discharged; and, conversely, if that record discloses the nondischargeable character of the original obligation, the judgment will not be discharged.

 The note cites many authorities including the United States courts, Indiana, Michigan, New York, Texas, and Vermont, to support the rule as above stated. There is a minority rule which we do not

follow. There are no Illinois cases on the subject. An examination of the authorities discloses that in most cases cited, the original debts for which a note had been given and the judgment taken thereon were debts created by the judgment debtor in settlement of embezzlements, defalcations, and like frauds, and the notes were written obligations given in settlement of the same for convenience in arriving at the correct amounts. Later judgments were taken on them, and there is nothing in the judgments showing the character or consideration involved at the time of the execution of the obligations. Some of the cases are based upon the theory that the creditor had elected his remedy, that he had a right to bring an action based on fraud against the person from whom he obtained the note, but having elected to take the note and place it in judgment, he had waived the tort. In the case at bar there is nothing in the record to show any nondischargeable feature of the obligation. It is a money judgment on the note so far as the record shows. We believe the better view is as announced in the note, *supra,* that the judgment creditor should not be permitted to go behind the judgment to show the nondischargeable feature of the obligation. For these reasons the obligation being dischargeable in bankruptcy as shown by the record of the judgment, it is conclusive on the judgment creditor and he is not permitted to go behind the judgment.

██ The other question presented here is whether the fact that garnishment proceedings were had after the date of the judgment is *res adjudicata* and would prevent Wischnowsky from raising the question as to whether or not the debt in fact was discharged. The garnishment proceedings are purely collateral proceedings, and the fact he did not resist the small judgment obtained against the garnishee is not *res adjudicata* nor any admission by him that he would thereafter be liable for the remainder of the debt. A discharge in

bankruptcy prima facie releases a debt of the bankrupt arising out of a note made prior to his bankruptcy. To revive the debt any promise made by the debtor to pay the discharged note must be clear, distinct and unequivocable, and without such clear and express promise neither payment of interest, part payment of principal, nor direct declaration of intention to pay will suffice to revive the same. (*Dressler, Administrator v. VanVlissingen,* 195 Ill. App. 63.)

It was held in *Linzer v. Weitzen,* 292 N. Y. 306, by the Court of Appeals of New York, reported in 55 Northeastern Reporter, second series, page 42, that where the bankrupt after his discharge made a written statement to his creditor promising to pay the discharged debt, that this was insufficient to revive the same. The court says, on page 43 of the opinion: "A debt discharged in bankruptcy is revived and thereafter becomes actionable only when by an unequivocal statement in writing the debtor expresses his present intention personally to obligate himself to pay the debt." (Cases cited.)

So here the fact that Wischnowsky permitted the small garnishment judgment to be obtained in his favor for the use of Lawrence against the garnishee, in our opinion does not revive the debt, and the doctrine of *res adjudicata* is not applicable.

For the above reasons it is our opinion that the judgment and order of the county court of Kankakee county is correct and should be and is affirmed.

*Judgment affirmed.*