[Civ. No. 10347. Third Dist. Dec. 21, 1962.]

HENRY GRIFFITH et al., Plaintiffs and Appellants, v. ROBERT D. BARLICH et al., Defendants and Respondents.

Marvin C. Hix for Plaintiffs and Appellants.

Forrest M. Greenberg and Howard L. Seligman for Defendants and Respondents.

SCHOTTKY, J.—Henry Griffith and his wife, Velma L. Griffith, appeal from an adverse judgment in an action to recover on a note executed by Robert D. Barlich and his wife, Lonnie Barlich.

The evidence discloses that in August 1955 Robert Barlich and the Griffiths agreed to purchase as partners a hardware

business.  The Griffiths contributed $11,400 and Barlich $3,600 which he borrowed toward the purchase of the business which was purchased for $30,000.  It was also agreed that Henry Griffith would join Barlich in about a year to participate in the business.  In September 1956 Henry Griffith commenced working in the store.  He soon became dissatisfied, principally because he had no voice in the management of the business.  After some negotiation it was agreed that the Barliches would purchase the Griffiths' interest.  The Griffiths received $400 in cash and a note for $14,600.  Approximately $1,651 was paid on the principal of the note before petitions in bankruptcy were filed by the Barliches.  On February 18, 1959, the Barliches were discharged from all debts and claims which by law were made provable against their estates, except such debts which by law were excepted from the operation of discharge in bankruptcy.

In August 1959 the Griffiths filed this action.  They alleged that the note was not discharged in the bankruptcy proceedings because the note was a liability for obtaining money by false pretenses or false representations.

The trial court found that there were no false representations or false pretenses made in entering the original oral agreement and that the debt was discharged in bankruptcy. This appeal followed.

Basically, appellants challenge the sufficiency of the evidence to support the decision of the trial court.

Section 17 of the Bankruptcy Act (11 U.S.C.A., § 35) provides in part: "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . ., except such as . . .; (2) are liabilities for obtaining money or property by false pretenses or false representations, . . ."

It is appellants' theory that the original agreement between the parties was fraudulent, or based on false representations, and that as a result the note given for appellants' share of the business was also obtained by false representations and therefore could not be discharged.  (*United States Credit Bureau, Inc.* v. *Manning,* 147 Cal.App.2d 558 [305 P.2d 970].) However, it was the burden of appellants to prove that the original agreement was based on fraudulent representations. (*Morris* v. *Drubin,* 165 Cal.App.2d 467 [332 P.2d 371], and cases cited therein.)

The evidence discloses that neither appellants nor respondents had a great deal of business experience; that they made an oral agreement to enter into a partnership; that the busi-

ness was purchased; that the purchase agreement and premises were put into the names of all the parties; that the bank account, the books of account, and the various licenses were in the business name; and that each partner drew weekly wages. The evidence discloses a partnership agreement followed by disagreement between the partners.

Of course there is evidence in the record to support appellants' theory but this merely creates a conflict, which conflict it was the duty of the trial court to resolve, and on this record this court can not say that the determination of the trial court that there was no fraud is not supported by the evidence.

Since the evidence supports the finding of the trial court that the partnership which was created was not created by means of false pretenses nor false promises, it follows that there was no fraud in the original obligation and that the determination of the trial court that the debt was discharged in the bankruptcy proceedings determines this case.

The fact that after the parties entered into the business disagreements occurred between them does not avail appellants. Any false intent would have to exist at the time the representation was made not afterwards. (Accord 1 Collier on Bankruptcy (14th ed.), p. 1618.)

Appellants also contend that there is an inconsistency in the findings in that the court found that the parties were partners and also found that respondents did not act in a fiduciary capacity.

There is ample authority that while a partnership contract implies trust and confidence during the existence of the partnership, a partner does not by reason of that relationship alone, while managing the funds and the business of the firm, act in a fiduciary capacity as understood in the bankruptcy law. (*Inge* v. *Stillwell,* 88 Kan. 33 [127 P. 527, 42 L.R.A.N.S. 1093]; *Gee* v. *Gee,* 84 Minn. 384 [87 N.W. 1116]; 16 A.L.R. 2d 1151.) Applying this rule there is no inconsistency in the findings. But even if the findings were inconsistent, we would not be justified in reversing this case.[1]

The most that the evidence discloses is that respondents overdrew and to that extent used partnership funds to pay off partially an obligation owed by them individually. The

---

[1]In their brief respondents assume responsibility for this since they prepared the findings and the inconsistency was not called to the attention of the trial court when, or after, the findings were signed.

trial court found that there was no fraud. At the time the partnership was entered into appellants knew that respondents' loan would have to be paid from business funds. The court under the circumstances could and did determine that this use of such funds did not show any fraud or misuse of partnership moneys. From the other findings it is clear that the court intended to find in favor of respondents and against appellants. Even if we admit that the findings are inconsistent, the error is harmless.

No other points require discussion.

The judgment is affirmed.

Pierce, P. J., concurred.