**Wesley J. Clark, Plaintiff-Appellant, v. Edward Antczak, Defendant-Appellee.**

**Gen. No. 52,653.**

First District, Fourth Division.

November 5, 1969.

273

James C. Kellogg, of Chicago, for appellant.

John M. Giltinon, of Chicago, for appellee.

MR. JUSTICE STAMOS delivered the opinion of the court.

This is an appeal by plaintiff from an order quashing a garnishment proceeding against Mystic Tape Corporation on behalf of defendant for the use of plaintiff.

The original action alleged that defendant fired a pistol at and upon plaintiff. A jury demand was filed by plaintiff and defendant appeared and also filed an answer denying the allegations of plaintiff's complaint. How-

ever, defendant subsequently defaulted and the matter was submitted to a jury in an ex parte proceeding wherein a verdict for plaintiff was returned in the amount of $15,000. Defendant then filed a Petition in Bankruptcy and scheduled the aforesaid judgment. After defendant's discharge in bankruptcy, plaintiff filed a garnishment action against defendant's employer. Defendant's motion to quash the garnishment was sustained on the grounds that the judgment was discharged in bankruptcy.

The issue must be resolved in the light of section 35(a)(2) of Title 11 of the United States Code which provides:

> "A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as, . . . (2) are liabilities . . . for willful and malicious injuries to the person or property of another. . . ."

In plaintiff's original action the plaintiff elected to proceed on two counts. The first count charged that defendant had and held in his hand a certain pistol or revolver loaded with gunpowder and leaden bullets and defendant then and there wrongfully and negligently pointed the weapon at plaintiff and wrongfully and negligently shot off the said weapon to and upon plaintiff, thereby causing the bullet to strike plaintiff.

The second count charged that defendant displayed, pointed and fired said weapon with a willful and wanton disregard for the safety of others and that malice was the gist of the action. Each count alleged the plaintiff's injuries and damages and sought judgment in the amount of $50,000. The second count asked that the judgment contain a finding that malice is the gist of the action, and that a capias ad satisfaciendum issue on said judgment.

The following three verdicts were tendered to jury:

   (1)   "We, the jury find for the defendant, and against the plaintiff."

   (2)   "We, the jury, find in favor of the plaintiff and against the defendant, and we find specially that the defendant has been guilty of willful, wanton and malicious action and that a finding of malice is sustained."

Only the third verdict was completed and signed by the jury and, as returned, read as follows:

   (3)   "We, the jury, find in favor of the plaintiff and against the defendant. We assess the damages in the sum of $15,000.00."

The following four instructions were also submitted:

   1.   Illinois Pattern Instruction No. 30.01 pertaining to damages;

   2.   Illinois Pattern Instruction No. 35.01 pertaining to credibility;

   3.   An instruction defining "willful and wanton conduct" as "a course of action which was an utter indifference to or conscious disregard for the safety of others"; and

   4.   An instruction advising the jury as to the imposition of punitive damages if the jury found defendant guilty of willful and wanton conduct.

Plaintiff relies solely upon the pleadings, verdicts and instructions.

■ ■ The jury's rejection of a verdict responding to the second count reflects that the jury did not find defendant's acts to have been committed "willfully, wantonly and maliciously." On the contrary, the jury returned a verdict responding to the first count finding that defendant acted "wrongfully and negligently." In view of the foregoing we must address ourselves to the first count and determine whether it contains the requisite

allegations that plaintiff's injuries were caused by defendant's "willful and malicious" acts. We note that the acts of which plaintiff complains need not be charged in the language of section 35 of the federal statute. Greene v. Lane, 87 F2d 951, 953. The discharge in bankruptcy is a prima facie bar to a claim sued upon, and the burden of proof is upon the person attacking it to show that the debt sued on is not within the terms of the bankrupt's discharge. Lawrence v. Wischnowsky, 344 Ill App 346, 100 NE2d 816.

■ Plaintiff contends that the first count is an action in assault and battery or common law trespass vi et armis. However, we find that plaintiff's endeavor to so charge lacks the required allegations descriptive of "willful and malicious" acts, and the injection of the terms "wrongfully and negligently" are alien to plaintiff's contention. Thus, the first count does not charge defendant with committing acts willfully, intentionally, maliciously or wantonly. Just as every homicide is not necessarily a murder, so we hold that every shooting of a person is not necessarily an assault to murder, aggravated battery or assault and battery, nor is it necessarily "willful and malicious." Plaintiff apparently believed that the evidence he proposed to present and probably did present to the jury projected two distinct theories: one predicated upon willfulness and wanton conduct and the other upon negligence. Negligence and willful and wanton misconduct are not synonymous, but are distinct concepts. The Illinois Supreme Court in Chicago R. I. & P. Ry. Co. v. Hamler, 215 Ill 525, 74 NE 705, at page 540 said:

"Negligence and willfulness are as unmixable as oil and water. 'Willful negligence' is as self-contradictory as 'guilty innocence.'"

■ Plaintiff elected to proceed on two distinct counts that charged divergent allegations as to the characteriza-

277

tion of defendant's acts. The jury returned with a verdict responding to the acts alleged in the first count only and we find that the allegations therein are not sufficient to be equated with the words of section 35, especially in view of the jury's refusal to return a verdict on the second count which specifically characterized defendant's acts within the language of section 35. We therefore hold that the plaintiff has failed to sustain his burden of proof that the debt sued upon is not within the terms of defendant's discharge in bankruptcy. The order discharging the garnishee is affirmed.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.